363 So.2d 974 (1978)
John Henry LEES, Plaintiff-Appellant,
v.
Donald C. SMITH, Defendant-Appellee.
No. 6590.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1978.
*976 Gravel, Roy & Burnes, T. Gerald Henderson, Alexandria, Thomas G. Wilson, Colfax, for plaintiff-appellant.
Bolen, Halcomb & Erwin, Roy S. Halcomb, Jr., Alexandria, R. L. Davis, Jr., Monroe, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX, WATSON, FORET and CUTRER, JJ.
FORET, Judge.
This case involves an action for damages for an alleged false accusation of criminal conduct, abuse of process, and malicious prosecution. The suit was instituted on December 3,1976, by John Henry Lees against Donald C. Smith.
On December 30, 1976, defendant Smith filed a third party demand against Commercial Union Insurance Company, who issued his homeowners insurance policy, alleging that the policy covered such "occurrences" and that the insurer had denied coverage and refused to afford Smith a defense against Lees.
Smith also instituted a malicious prosecution and/or defamation action against Lees by way of reconventional demand.
The principal demand was settled the morning of the trial when Commercial Union and Lees agreed to a compromise. The issues in the suit, however, were left open for adjudication, subject to the agreement that if it were decided in favor of Lees, the amount of damages would be that stipulated by Commercial Union and Lees.
The trial court rendered judgment in favor of Smith and against Lees for $3,250.00 which included punitive damages and attorneys fees. The third party demand against Commercial Union was dismissed by the trial court in its judgment of December 23, 1977.
Lees perfected this suspensive appeal from the above judgment, and Smith answered Lees' appeal seeking an increase in damages. Smith also perfected a devolutive appeal from the dismissal of his third party demand against Commercial Union.
*977 The issues presented on this appeal are:
(1) Did the trial court err in finding that Smith had proven all the elements of malicious prosecution;
(2) Did the trial court err in failing to find Lees' judicial allegations were protected by qualified privilege;
(3) Did the trial court err in awarding punitive damages and attorney's fees;
(4) Did the trial court err in failing to find that Lees' petition and other statements had defamed Smith;
(5) Should the damages and attorney's fees awarded by the trial court be increased;
(6) Did the trial court err in dismissing a third party demand by Smith against Commercial Union Insurance Company.

FACTS
Lees and Smith are neighbors in a rural section of LaSalle Parish, which is "open range" for free-roaming cattle.
This controversy began on October 12, 1975, when Lees penned up a "stray" cow which had been grazing in his pasture with his cattle. Smith later proved the cow belonged to him.
Lees was unsuccessful in his attempt to determine the owner by having the Livestock Brand Commission check the number on the brucellosis test tag, which is referred to as a "bangs tag". Subsequently, on November 27, 1975, Lees placed a classified advertisement in the Jena Times which read:
"Notice: Taken up at my place. One head of cattle. Owner may have same by completely identifying animal, pay cost of feed and advertisement.
Phone 992-2807.
Henry Lees."
Smith saw the advertisement and drove past Lees' pasture where he saw an animal he believed to be his.
Lees and Smith had apparently had prior disagreements, and Smith, therefore, made no attempt to contact Lees on his own. Rather, he sought and received the aid of the LaSalle Parish Sheriff's Office. A deputy sheriff escorted Smith to Lees' home to inspect the cow. The deputy approached Lees, but was told he could view the cow only if he had a search warrant.
On November 28, 1975, a second deputy approached Lees and was also told that he must obtain a search warrant. The deputy then went to Smith's house where Lees shortly appeared and told the deputy that he could check the bangs tag number on the cow. This was done but it failed to match the numbers Smith said belonged to him.
Smith subsequently visited the district attorney on December 3, 1975. The cow was released on December 4, 1975. Smith gave a written statement to the district attorney on December 6, 1975. On or about December 16, 1975, Smith retrieved the cow.
The district attorney presented the matter to the grand jury which returned an indictment for criminal mischief against Lees on or about February 9, 1976. Lees and Smith both testified before the grand jury. Lees was tried and acquitted of the charge. Lees, in proper person, instituted his suit against Smith for malicious prosecution on December 3, 1976. Smith answered, and, by way of reconventional demand, brought suit against Lees on December 20, 1976; his third party demand against Commercial Union was filed on January 3, 1977.
As noted above, Lees' suit was compromised and did not come to trial; it is not before us on appeal.
Plaintiff-in-reconvention (Smith) urges defamation and malicious prosecution, as well as conversion on the part of Lees. Careful examination shows that the first two claims are actually two distinct offenses, both jurisprudentially recognized in Louisiana under Article 2315 of the Civil Code. Defamation (in the common law, libel and slander) is perhaps best described by Prosser as "an invasion of the interest in reputation and good name". Handbook of the Law of Torts, Section 111, at 737 (4th Ed., 1971). The essential elements in Louisiana for a successful action in defamation are: (1) defamatory words, (2) communication *978 to persons other than the one alleging the action, (3) falsity, (4) malice, actual or implied, (5) resulting injury. Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958); Rougeau v. Firestone Tire & Rubber Co., 274 So.2d 454 (La.App. 3 Cir. 1973); Sas Jaworsky v. Padfield, 211 So.2d 122 (La.App. 3 Cir. 1968); Carter v. Catfish Cabin,316 So.2d 517 (La.App. 2 Cir. 1975).
This differs from malicious prosecution which, in a civil case, is the malicious commencement or continuance of a suit, without probable cause, for purposes of harassment. The Louisiana Supreme Court has defined malicious prosecution as being composed of six necessary elements:
"An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements:
(1) The commencement or continuance of an original criminal or civil judicial proceeding.
(2) Its legal causation by the present defendant in the original proceeding.
(3) Its bona fide termination in favor of the present plaintiff.
(4) The absence of probable cause for such proceeding.
(5) The presence of malice therein.
(6) Damage conforming to legal standards resulting to plaintiff . . ."

Eusant v. Unity Industrial Life Insurance and Sick Benefit Association of New Orleans, Inc., 195 La. 347,196 So. 554 (1940); Robinson v. Goudchaux's, 307 So.2d 287 (La. 1975); Johnson v. Pearce, 313 So.2d 812 (La. 1975).
The trial court held that Smith had fulfilled the requirement of proving the elements necessary for a successful suit in malicious prosecution. This Court disagrees and reverses.
While the trial court correctly cites the six necessary elements for such a suit apparently quoting from the Louisiana Supreme Court's listing in Eusant, supra, we believe that as regards item 3 of the above list, the trial court erred in allowing Lees' settlement with Smith's insurer to be a "bona fide termination in favor of the present plaintiff".
Actions of this kind are disfavored, and a clear case must be established. Johnson v. Pearce, supra; Sandoz v. Veazie, 106 La. 202, 30 So. 767 (1901).
As shown above in the recitation of the facts, Smith's insurance company, Commercial Union, settled with Lees on the morning of the trial; however, the record shows that Lees' suit was not dismissed until January 12,1978. It is noted also that Smith's action for malicious prosecution was brought by way of answer and reconventional demand to Lees' initial suit. Although not objected to either at trial or upon appeal, malicious prosecution suits are not allowed to be brought by way of reconventional demand. Obviously, when such a suit is brought by way of reconventional demand, requirement number 3, termination of the original suit, has not been met at the time of demand. The policy behind this requirement is apparent: a party bringing a suit should not be made to defend his right to bring such until it is fully determined at trial that the original action was erroneously brought. The possible "chilling effect" on a citizen's constitutional right to seek redress in the courts is an important consideration. Spencer v. Burglass, 337 So.2d 596 (La.App. 4 Cir. 1976). After such judgment, the original party defendant may then bring an action for malicious prosecution when he then must prove all elements of his suit.
Nor is this Court able to find that Lees acted without probable cause in his initial civil suit against Smith (requirement number 4). Due to the somewhat extraordinary attention this one cow was given by all parties to this action culminating in Mr. Lees' arrest, apparently on information supplied by the plaintiff-in-reconvention (Smith), Mr. Lees had sufficient cause to believe the truthfulness of his allegations against Smith.
"Probable cause does not depend merely upon the actual state of facts, but upon *979 the defendant's honest belief of the facts in making the charge against the plaintiff." Carter v. Catfish Cabin, supra. See also Jefferson v. S. S. Kresge Co., 344 So.2d 1118 (La.App. 3 Cir. 1977) and Sandoz v. Veazie, supra.

It is specifically noted that actions for malicious prosecution have never been favored in this State and "in order to sustain them a clear case must be established, when the forms of justice have been perverted to the gratification of private malice and the wilful oppression of the innocent". Eusant, supra, 196 So. at page 556.
Plaintiff-in-reconvention, Smith, also alleged defamation on the part of the original plaintiff, Lees, both by way of Lees' petition and by various other communications by him. While the trial court did not rule on this allegation, Smith re-urges it upon appeal. This Court, after careful examination of the entire record, does not find defendant-in-reconvention to have defamed plaintiff-in-reconvention.
Like an action for malicious prosecution, an action in defamation based on the original plaintiff's petition cannot be brought until final termination of the first suit. The appellate courts of this State have been almost unanimous in so holding. W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663 (1911); Udell, Inc. v. Ascot Oils, Inc., 177 So.2d 178 (La.App. 2 Cir. 1965); Calvert v. Simon, 311 So.2d 13 (La.App. 2 Cir. 1975); Succ. of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1 Cir. 1976), writ refused 1977; Marionneaux v. King, 331 So.2d 180 (La.App. 1 Cir. 1976).
While it is true in Louisiana that statements made by participants in litigation are not absolutely privileged, as in most other jurisdictions, they are entitled to a qualified privilege "subject to the requirement that statements made by them in judicial proceeding must be material and must be made without malice and with probable cause". Viera v. Kwik Home Services, Inc., 266 So.2d 732 (La.App. 4 Cir. 1972); Foster v. McClain, 251 So.2d 179 (La.App. 3 Cir. 1971), writ refused, 1971; Waldo v. Morrison, 220 La. 1006, 58 So.2d 210 (1952). We hold that the alleged defamatory statements made by Lees in his petition and at the trial are covered by this privilege. The Court does not find, from the record, any other proof of non-privileged remarks made by Mr. Lees.
Plaintiff-in-reconvention has urged, and the trial court has given him, punitive damages for malicious prosecution. In finding that plaintiff-in-reconvention has failed to prove either malicious prosecution or defamation, we pretermit the issue of whether punitive damages are applicable to a malicious prosecution action.

THIRD PARTY DEMAND
The trial court denied appellee's third party demand against Commercial Union and dismissed the demand. It held that the insurer owed no duty to defend Smith because the appellant's petition failed to allege "bodily injury" or "property damage" as those terms are used in the policy, and that the facts brought out at trial likewise failed to support a conclusion that Lees suffered bodily injury or property damage. Furthermore, the trial court held that exclusion D, the standard business pursuit exclusion, applied to the instant case.
Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. An insurer's duty to defend suits brought against its insured is determined by the allegations of the plaintiff's petition, with the insurer being obligated to provide a defense unless the petition unambiguously excludes coverage. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); Ada Resources Inc., et al. v. Don Chamblin & Assoc., Inc., et al., 361 So.2d 1339 (La.App. 3 Cir. 1978).
The appellant alleged that as a result of Smith's actions, he was subjected to "humiliation" and he suffered "extreme and keen mental anguish and pain" causing him damage in the amount of $15,000.
Our brethren on the Fourth Circuit Court of Appeal dealt with the same issue which *980 faces us, in the case of Levy v. Duclaux, 324 So.2d 1 (La.App. 4 Cir. 1975). The allegations of the plaintiff's petition in Levy as to the facts forming the basis for the plaintiff's claim and the plaintiff's alleged injury or damage are similar to the allegations contained in the appellant's petition in the instant case. Furthermore, the policy involved in Levy defines occurrence and bodily injury in the same language as that used in the policy in question. There is, however, a slight difference in the petitions which would allow one to distinguish the Levy case. In Levy, the plaintiff's petition included an allegation that the "plaintiff was forcibly and violently seized, assaulted and laid hold of by an employee of the defendant". Therefore, the plaintiff's petition in Levy did include an element of bodily contact whereas the petition in the instant case does not.
The Court, in Levy, held that although the petitioner's itemization of damages failed to clearly include an allegation of bodily injury, the insurer has the obligation to furnish a defense unless the petition unambiguously excludes coverage, and that when all of the allegations are taken together, the only conclusion could be that the petition may be ambiguous, but that it did not unambiguously exclude coverage. The Court therefore held that the insurer was liable to the defendant for their costs of defending the suit.
The insurer, Employers Commercial Union Insurance Company, applied for writs to the Louisiana Supreme Court. The application for writs was denied, (Levy v. Duclaux, 328 So.2d 888 (La. 1976)), although three justices of the Court were of the opinion that the writs should be granted.
We are of the opinion that the definition of bodily injury and property damage in the insurance policy in the instant case fails to unambiguously exclude coverage under the plaintiff's petition.
The pertinent provisions of the policy state:
"This company agrees to pay on behalf of the insured all sums to which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies caused by an occurrence."
"Bodily injury" means bodily injury, sickness or disease, including care, loss of services and death resulting therefrom.
"Occurrence" means an accident including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage."
Even if the policy language was considered unambiguous, a person's reputation is his property, perhaps the most valuable thing he possesses. Snowden v. Pearl River Broadcasting Corp., 251 So.2d 405 (La.App. 1 Cir. 1971), writ refused; Kennedy v. Item Co., 213 La. 347, 34 So.2d 886 (1948); Simpson v. Robinson, 104 La. 180, 28 So. 908 (1900); Joiner v. Weeks, (La.App. 3 Cir. 1978Docket No. 6396).
Therefore, we next consider whether an exclusion in the policy would negate the insurer's duty to defend. At trial, Commercial Union argued that the injuries suffered by the plaintiff were "intended from the standpoint of the insured" and were therefore excluded from coverage. We find this contention to be without merit. The allegations of the appellant's petition are broad enough to include recovery based upon negligent, as well as intentional, actions of the appellee.
The trial court also found that the injuries suffered by the appellant as alleged in his petition arose out of a business pursuit of the appellee. It held that even if the assertions of the petition did invoke the personal injury and property damage coverages, this exclusion would justify the insurer's refusal to admit coverage and defend Smith. We think the trial court erred in applying this exclusion inasmuch as Commercial Union never asserted it as a defense to coverage or its duty to defend. Also, Lees makes no mention in his petition that the injuries he suffered arose out of a business pursuit of Smith.
Accordingly, we hold that Commercial Union was obligated under its contract of *981 insurance to furnish Smith with a defense against the suit instituted by Lees. Commercial Union, therefore, is liable to Smith for the cost of defending this law suit. These costs, at the time of trial, amounted to $2,826.71. We think an additional $500 for cost of litigation incurred in perfecting this appeal is reasonable. This brings the total cost of litigation incurred by Smith to $3,326.71. We therefore hold that the appellee Smith is entitled to judgment against Commercial Union in that amount, together with legal interest thereon from the date of judicial demand until paid, plus other costs of these proceedings, less $40.00 which represents the filing fee for the reconventional demand.
Accordingly, we reverse the judgment of the trial court both as to the reconventional demand by Smith against Lees and as to the third party demand by Smith against Commercial Union and render judgment thereon.
It is ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Donald C. Smith and against Commercial Union Insurance Company in the sum of $3,326.71, plus legal interest thereon from date of judicial demand.
Costs of this appeal are assessed against Donald C. Smith and Commercial Union, equally.
REVERSED AND RENDERED.
DOMENGEAUX, J., concurs.
CULPEPPER, J., dissents in part and will assign written reasons.
CULPEPPER, Judge, dissenting in part.
I respectfully dissent from that portion of the majority opinion which reverses the trial judge as to the third party demand by Smith against Commercial Union Insurance Company. It is my view that the third party demand should be rejected.
As stated in the majority opinion, Commercial Union's policy with Smith covered all sums for which Smith "shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies caused by an occurrence." In the present case, Smith is being sued for damages for defamation. There is no bodily injury involved in a defamation. As to property damage, a suit for damages for defamation does not involve any injury to property. I cannot accept the argument that a man's reputation is his "property" within the meaning and intent of the policy.
The majority appears to rely principally on the case of Levy v. Duclaux, 324 So.2d 1 (La.App. 4th Cir. 1975). As I read the Levy case, it supports the view that in the absence of any physical injury, there is no coverage and no duty to defend. The court in Levy emphasized that the plaintiff's petition in that case alleged a use of physical force during the unlawful arrest in question. I think the Levy case implies that if there had been no use of physical force alleged, there would have been no coverage and no duty to defend. It is also persuasive to me that three justices of our Supreme Court voted to grant writs in the Levy case, 328 So.2d 888 (La. 1976).
For the reasons assigned, I respectfully dissent in part.