556 So.2d 103 (1990)
George WILLIAMSON
v.
HISTORIC HURSTVILLE ASSOCIATION, et al.
No. 89-CA-0616.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1990.
Rehearing Denied February 21, 1990.
*104 Basile J. Uddo, New Orleans, for defendant-appellant.
William Ryan, Acomb, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for third-party defendant-appellee.
Before GARRISON, BARRY and BYRNES, JJ.
BYRNES, Judge.
Norma Burkhardt, the third party plaintiff, appeals a judgment of the district court which denied her motion for summary judgment and granted a motion for summary judgment filed by the third party defendant, Allstate Insurance Company. We reverse the summary judgment and remand the case to the district court for further proceedings consistent herewith.
The sole issue presented for our review is whether a material issue of fact exists concerning the duty of Allstate Insurance Company to defend and provide coverage to Mrs. Burkhardt under the terms of her homeowner's policy, against possible liability from the instant lawsuit.
Plaintiff, George Williamson is the owner of several bars in the uptown area of New Orleans. In 1986-87 he acquired certain property on Magazine Street, known as "Sidney's Restaurant," and he intended to operate it as a college bar.
The property in question is located within the jurisdiction of the Historic Hurstville Association, a neighborhood preservation and improvement association which is headed by Norma Burkhardt, its president. When the proposed use of the property was discovered, the Historic Hurstville Association, Ms. Burkhardt and others objected because the subject area was protected by a moratorium on city permits for the establishment of bars. The Association and Mrs. Burkhardt waged an active campaign before several public bodies and within the courts[1] to prevent the operation and renovation of Sidney's Restaurant in the uptown neighborhood. During this time, plaintiff filed this action for damages wherein he alleged Mrs. Burkhardt had made slanderous and defamatory remarks in an attempt to discredit his character and reputation and ruin his business.
Defendant, Norma Burkhardt answered the petition denying its allegations. She also filed a reconventional demand seeking damages wherein she contended that the plaintiff's lawsuit was an harassment tactic being utilized in order to quell her opposition to the operation of the plaintiff's bar and to gain leverage against her. Additionally, Mrs. Burkhardt filed a third party demand against Allstate Insurance Co., her homeowner's insurer, alleging that the company was contractually obligated to provide insurance coverage and a legal defense for her. Allstate Insurance Company filed an exception of no cause and/or right of action. In the alternative, Allstate filed an answer wherein they denied coverage and they also sought summary judgment. In denying coverage, Allstate stated that the Allstate policy does not provide coverage to defamation actions because, by their very nature, such actions are not accidental. Additionally Allstate argued that the alleged injuries involved did not constitute "bodily injury" or "property damage", as those terms have been defined by the Allstate policy. Mrs. Burkhardt filed a cross motion for summary judgment on the issues of the insurer's obligation under the homeowner's policy to provide coverage and a defense.
Mrs. Burkhardt's homeowner's policy with Allstate provides for the following coverage and exclusion:
Losses We Cover

Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as *105 damages because of bodily injury or property damage covered by this part of the policy. If an insured person is sued for these damages, we will provide a defense with counsel of our choice, even if the allegations are groundless, false or fraudulent. (Policy, p. 23).

* * * * * *
Losses We Do Not Cover:
1 We do not cover any bodily or property damage which may reasonably be expected to result from intentional or criminal acts of an insured person or which are in fact intended by an insured person. (Policy, p. 23)
The insurance policy further provides that "bodily injury" means bodily injury, sickness or disease, including required care, loss of services and resulting death. (Policy, p. 3 Item 4). It also states that "property damage" means physical injury to or destruction of tangible property including loss of its use. (Policy, p. 4 Item 8).
In granting summary judgment to Allstate and denying Ms. Burkhardt's motion for summary judgment the trial court reasoned as follows:
The court would have difficulty deciding the factual issue of the defendant's intent on a motion for summary judgment.
However, an insurance contract must be given a fair and reasonable construction in keeping with the plain intention of the parties. The damages prayed for by plaintiff cannot be characterized as either "bodily injury" or "property damage" (physical injury to/or destruction of tangible property, including loss of its use).
On appeal, Ms. Burkhardt contends that the trial court erred in granting Allstate's motion for summary judgment on the issues of the insurer's duty to defend and provide coverage for any liability arising out of the instant lawsuit by George Williamson against Mrs. Burkhardt.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966.
In American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 at 259 (1970), the Louisiana Supreme Court discussed the test to be applied in order to determine an insurer's obligation to defend its insured:
Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excluded coverage. Benoit v. Fuselier, 195 So.2d 679 (La.App.1967).
Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Benoit v. Fuselier, ibid.
This test was recently reaffirmed by that court in Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987). Thus, the duty to defend exists if the pleadings allege that there could be coverage, even though in fact there is no coverage. Little v. Kalo Laboratories, Inc., 424 So.2d 1065 (La.App. 2nd Cir. 1982), writ den. 430 So.2d 79 (1983).
Mrs. Burkhardt first argues that the definition of "bodily injury" or "property damage" in her homeowner's policy of insurance are broad enough to encompass the damages alleged in the present lawsuit. As such she reasons that she is entitled to a defense by her insurer because her insurance policy states: "If an insured person is sued for these damages we will provide a defense ..." (emphasis added).
*106 In this case the petition provides in pertinent part:

* * * * * *

IV.
On the date and in the manner hereinafter set forth, defendants defamed petitioner by maliciously slandering him.

V.
On or about April 15, 1987, Norma Burkhardt entered residences and businesses near the 5400 Block of Magazine Street. Defendant, Norma Burkhardt, told neighbors and business associates of George Williamson, that George Williamson was bribing police officers to allow underaged children to enter George Williamson's two businesses, Sidney's Bar & Restaurant and Audubon Tavern II.

VI.
Norma Burkhardt informed neighbors and business associates of George Williamson, that George Williamson was going to ruin the property values in the neighborhood.

VII.
The Historic Hurstville Association, Elroy W. Eckhardt, and Norma Burkhardt have circulated letters, pamphlets, and paraphernalia relating that George Williamson is breaking the law in the operation of Sidney's Bar & Restaurant.

VIII.
The aforementioned slanderous and defamatory statements were intended by defendants to discredit petitioner's character and reputation and ruin his business.

IX.
The petitioner's private life has suffered immeasurably as a result of the defamatory comments made about him; petitioner has suffered embarrassment, mental anguish and suffering among other damages.

X.
Petitioner's business has suffered a great deal as defendants have incited strong support against George Williamson as a result of the untrue comments made about him.

XI.
Petitioner denies that he has ever bribed police officers to allow under-aged children into his bar.

XII.
Petitioner denies that his presence will ruin property values in the neighborhood.

XIII.
Petitioner denies that he has broken the law by opening Sidney's Bar & Restaurant. Rather, petitioner avers that he has complied with all state and local requirements in the opening of his establishment which is better known as Sidney's Bar & Restaurant.

XIV.
Petitioner has suffered damages as follows:

1) Damage to his standing in
the eyes of his employees $ 50,000.00
2) Damage because of embarrassment
and mental anguish
felt by petitioner and members
of his family $ 50,000.00
3) Loss of reputation in the community
 $350,000.00
4) Loss of business revenue $250,000.00
5) Legal fees in having to defend
actions brought as a
consequence of the defamatory
remarks made by defendants
 $ 50,000.00
 ____________
 TOTAL $750,000.00

Thus, the petition first alleges that the plaintiff sustained "embarrassment, mental anguish and suffering."
The plaintiff avers that these damages are "bodily injuries" as that term is defined by the instant insurance policy. He relies upon the cases of Levy v. Duclaux, 324 So.2d 1 (La.App. 4th Cir.1975), writ den. 328 So.2d 887 and 888 (1976); and Lees v. Smith, 363 So.2d 974 (La.App. 3rd Cir. 1978).
We find Levy supra to be distinguishable from the present case in that in Levy the *107 plaintiff's mental anguish was accompanied by an element of physical contact.
We do, however, find the Lees case, supra, to be controlling. In that case the defendant was sued for malicious prosecution and he filed a third party action against his homeowner's insurer seeking a defense of the suit. In Lees, supra the plaintiff's petition alleged that he had been subjected to "humiliation, extreme and keen mental anguish and pain." As in our case, the homeowner's policy in that case provided that "bodily injury" meant "bodily injury, sickness or disease, including care, loss of services and death resulting therefrom." In considering the definition of the subject policy, the court in Lees, supra concluded that the policy failed to unambiguously exclude coverage under the plaintiff's petition. Likewise we find the damages alleged in plaintiff's petition are encompassed by the definition of "bodily injury" as that term is defined by the instant policy of insurance.
The petition in the case before us also alleges that the plaintiff suffered "loss of reputation", "damages to his standing [in] the eyes of his employees" and "loss of business revenues". Burkhardt's insurance policy defines "property damage" as "physical injury to or destruction of tangible property[2] including loss of its use." In discussing "property damage" in Lees, supra at 980, the court found that "a person's reputation is his property, perhaps the most valuable thing he possesses." Likewise we are satisfied that loss of profits constitutes property damage as that term is defined in the Burkhardt homeowner's policy.
Therefore we find that the terms "bodily injury" and "property damage" as defined by the subject homeowner's policy are broad enough to encompass the damages alleged in the current suit. Thus, the trial court erred when it granted Allstate's motion for summary judgment on the basis that plaintiff's damages could not be characterized as "bodily injury" or "property damage" under the contract of insurance existing between the parties to this suit.
Mrs. Burkhardt next argues that the exclusionary clause of her homeowner's policy, which disallows coverage for intentional acts, is not applicable and hence there exists coverage and a duty to defend.
The insurance contract constitutes the law between the parties. Carney v. American Fire & Indemnity Co., 371 So.2d 815 (La. 1979). If there is any doubt or ambiguity as to meaning of a provision in an insurance policy it must be construed in favor of the insured and against the insurer. Borden v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983). When the ambiguity relates to an exclusionary clause, the law requires that the contract be interpreted liberally in favor of coverage such that exclusionary clauses are strictly construed against the insurer. Borden v. Howard Trucking Co., Inc., Id.
The petition in this case alleges a cause of action for defamation. In Louisiana, the tort of defamation is not exclusively an intentional tort. It can occur through negligent acts. This court recognized that fact when in Munson v. Gaylord Broadcasting Co., 491 So.2d 780 at 781-782 (La.App. 4th Cir.1986) writ den. 496 So.2d 335 (La.1986) we stated:
Although fault is necessary to a cause of action for defamation under both common law and Louisiana law, and although malice (i.e., deliberate intent to injure) may be an example of fault, malice as such is not an element of a cause of action for defamation.
Restatement Torts 2d Section 558 states the elements:
"To create liability for defamation there must be:
(a) a false and defamatory statement concerning another:
(b) an unprivileged publication to a third party:
(c) fault amounting at least to negligence on the part of the publisher; and
*108 (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."

Vicknair v. Daily States Pub. Co., 153 La. 677, 96 So. 529, 530 (1923), observes: "Under the laws of Louisiana, libel is a quasi offense, actionable under the broad provisions of article 2315 of the Civil Code: ..."

* * * * * *
One cannot falsely accuse another of some grave misdeed such as murder or prostitution without being at fault in some way, within the meaning of La.C.C. 2315, at least through "his negligence, his imprudence, or his want of skill." C.C. 2316. It is not unreasonable (although it may not be necessary under C.C. 2315) to declare the negligent publications of so outrageous an accusation a legal equivalent of malice. (Emphasis supplied) See also: Santana v. Item Co., [192 La. 819], 189 So. 442 (La.1939).
The policy in question provides coverage for negligent acts (i.e., "accidental loss"), and only excluded "intentional or criminal acts." Since defamation can be accomplished by negligent acts, the policy's exclusionary clause does not preclude Ms. Burkhardt's coverage for the acts alleged in plaintiff's petition.
Finally, Ms. Burkhardt alleges that through her actions, she did not intend to harm the plaintiff, but merely to protect her residential neighborhood. Thus she argues that although the acts complained of may have been intentional, the harm, if any, was not. Hence she concludes the policy's exclusionary provision does not apply to the facts of her case, as alleged by the petition. We agree.
The courts of this state have repeatedly held with regard to intentional tort exclusions in insurance policies that when the act is intentional, but the injury is not, the exclusionary clause is not applicable. Sabri v. State Farm Fire & Casualty, 488 So.2d 362 (La.App. 3rd Cir.1986) writ not considered 493 So.2d 630 (1986), Sherwood v. Sepulvado, 362 So.2d 1161 (La.App. 2d Cir.1978); Bourque v. Duplechin, 331 So.2d 40 (La.App. 3rd Cir.1976), writ ref. 334 So.2d 210 (1976); writ not considered 334 So.2d 230 (1976).
The depositions of Ms. Burkhardt and Mr. Daniel Baird, Jr., clearly indicate that the efforts of Mrs. Burkhardt were directed toward and intended to defend her neighborhood against the establishment of another bar, which she believed would impair the quality of life and damage property values in her neighborhood. No countervailing evidence was presented on this issue.
We conclude, therefor, that the intentional acts exclusion in this policy does not preclude Ms. Burkhardt's coverage under the Allstate policy because her actions do not constitute an intentional harm with regard to the plaintiff.
Therefore, our review of the applicable insurance policy provisions and the allegations of the plaintiff's petition convince us that the petition does not unambiguously exclude coverage. Hence, there exists a duty by the insurer, Allstate Insurance Company, to provide its insured, Mrs. Norma Burkhardt, coverage and a defense to this suit. Since there is no issue as to material fact that the insured is entitled to coverage and a defense of this suit the trial court erred in granting Allstate's motion for summary judgment on this issue and in denying Mrs. Burkhardt's cross motion for summary judgment on this issue.
For the reasons assigned the judgment of the trial court which granted Allstate Insurance Company's motion for summary judgment and denied Mrs. Burkhardt's cross motion for summary judgment on the issue of coverage and duty to defend under the homeowner's insurance policy is reversed. The case is remanded to the district court for further proceedings consistent herewith. Costs are assessed against the appellee.
REVERSED AND REMANDED.
NOTES
[1] George Williamson, d/b/a Sidney's Restaurant v. Ulysses Williams, 543 So.2d 1339 (La.App. 4th Cir.1989).
[2] Webster's Dictionary defines "tangible" as: 1. (a) Discernible by the touch or capable of being touched; (b) Capable of being treated as fact: real; 2. Capable of being understood or realized; 3. Capable of being valued monetarily...