BARRY, Judge.
On the application of Canal Indemnity Company, we grant certiorari in order to consider the trial court’s judgment which denies relator’s motion for summary judgment. The question is whether there are issues of material fact such as to preclude summary judgment in relator’s favor or whether there is insurance coverage on the wrongful death claim.
The application for insurance determines the intent of the parties. Whether a policy reflects that intent is a question of material fact. The subject application provides:
I also agree that if a policy is issued pursuant to this application, the application and any restrictive and/or exclusion, which is included on the application and signed by me, shall become a part of the policy.
Query: Would a reasonable person believe that a restrictive/exclusionary amendment, not bargained for or specified on the application, can be added to a policy without the insured’s knowledge?
The trial court reviewed the application’s language and concluded that any restrictive/exclusionary endorsement should be specified on the application and its presence would be acknowledged by the insured.
Was the trial court clearly wrong? Is the application ambiguous?
The application does not provide that all restrictive/exclusions must be specified on the application. However, the form does state that any restriction/exclusion which is specified shall become a part of the policy. The applicant is required to acknowledge which restriction/exclusion will apply, an indication that those specified are exclusive.
The application does not inform the applicant that the insurer reserved the right to add a restriction/exclusion.
The insured and Mr. Geraci, the insurance agent, submitted affidavits which state that the insured and the agent never intended that the insurer could unilaterally add an exclusionary endorsement. Mr. Geraci stated that he did not know the *728 exclusion had been added to the policy. This case is not about an insured who wants to broaden coverage. The record clearly shows that the insured relied upon its application and the professional advice of Mr. Geraci.
The questioned application’s language is ambiguous and should be construed against the insurer. Pareti v. Sentry Indemnity Company, 536 So.2d 417 (La.1988); Williamson v. Historic Hurstville Association, 556 So.2d 103 (La.App. 4th Cir.1990).
It is undisputed that the application is a part of the policy.
What did the parties intend? The record reflects a conflict which amounts to a genuine issue of material fact.
AFFIRMED.