**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2012

No. 11-30670
Summary Calendar

Lyle W. Cayce
Clerk

JOHNNY G. DeLOACH, ET AL,

Plaintiffs

v.

HGI CATASTROPHE SERVICES, L.L.C.; HAMMERMAN & GAINER, INCORPORATED; LARRY D. ONEY,

Defendants – Third-Party Plaintiffs – Appellants

v.

CONTINENTAL CASUALTY COMPANY,

Third-Party Defendant – Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-724

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

HGI Catastrophe Services, LLC, Hammerman & Grainer, Inc., and Larry

D. Oney (together "Hammerman") appeal the district court's grant of summary

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30670

judgment in favor of Continental Casualty Company ("CCC"), Hammerman's commercial general liability ("CGL") insurer,[1] on Hammerman's third-party claims for defense and indemnity. The question before us is whether the district court erred in concluding that the CGL policy, which, in relevant part, provides coverage only for loss of "tangible property," does not obligate CCC to defend and indemnify Hammerman against claims for reputational damage. We affirm.

## FACTS AND PROCEEDINGS

The State of Louisiana manages the Road Home program, which provides special assistance to residents affected by Hurricanes Katrina and Rita. In 2009, HGI Catastrophe Services, LLC ("HGI") submitted a bid in response to the State's request for proposal for the contract to administer the program. In connection with its bid, HGI contacted Johnny G. DeLoach and proposed that he serve as the Program Director in the event that HGI was awarded the contract. When HGI won the bid, however, it informed DeLoach that he would not be the Program Director.

DeLoach and JG DeLoach Consulting, LLC (together "DeLoach") then filed a diversity suit against Hammerman, seeking damages for breach of contract, fraudulent inducement, negligent misrepresentation, unjust enrichment, and unfair or deceptive trade practices. Relevant to this appeal, DeLoach sought relief for reputational damage. Hammerman filed a third-party complaint against Houston Casualty Company ("HCC"), its errors and omissions insurer, seeking defense and indemnity. The district court granted HCC's motion for summary judgment, holding that the HCC policy did not provide coverage against DeLoach's claims. Hammerman then filed a similar third-party complaint against CCC, seeking defense and indemnity. Hammerman and CCC

---

[1] The policy was issued to Hammerman & Grainer International, Inc. and names both Hammerman & Grainer, Inc. and HGI Catastrophe Services, LLC as additional insureds. The policy also covers Oney as the President of HGI Catastrophe Services, LLC.

No. 11-30670

filed cross-motions for summary judgment on the issue of whether the CGL policy provided coverage. The district court granted CCC's motion and denied Hammerman's. This timely appeal followed.

## STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is appropriate when the moving party can demonstrate that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## DISCUSSION

The CGL policy at issue extends CCC's defense obligation to all suits seeking damages for "bodily injury" or "property damage." The policy defines "property damage" as:

> a. Physical injury to tangible property, including all resulting loss of use of that property. . . ; or
> b. Loss of use of tangible property that is not physically injured.

Hammerman sought summary judgment against CCC on the contention that reputational damage constituted "property damage" within the meaning of the policy, and therefore triggered CCC's duty to defend.[2] Hammerman based its argument on two decisions of the Louisiana Court of Appeal holding that loss of reputation qualified as property damage for purposes insurance coverage: *Lees v. Smith*, 363 So. 2d 974 (La. Ct. App. 3 Cir. 1978), and *Williamson v. Historic Hurstville Ass'n*, 556 So. 2d 103 (La. Ct. App. 4 Cir. 1990).

---

[2] On appeal, Hammerman argues that the district court erroneously failed to analyze whether any of DeLoach's separate theories triggered CCC's duty to defend under the policy. As CCC points out, the district court focused its discussion on the question of whether reputational damage constitutes property damage because that was the argument upon which Hammerman principally relied.

No. 11-30670

As the district court thoroughly explained, previous decisions of this court have rejected the reasoning of *Lees* and *Williamson. See, e.g., Selective Ins. Co. of Southeast v. J.B. Mouton & Sons, Inc.*, 954 F.2d 1075, 1079 (5th Cir. 1992) ("'[T]angible' property corresponds to the Louisiana civilian concept of 'corporeal' property." (citing *City of New Orleans v. Baumer Foods, Inc.*, 532 So. 2d 1381, 1383 (La. 1988)); *Lamar Adver. Co. v. Cont'l Cas. Co.*, 396 F.3d 654, 663 (5th Cir. 2005). In *Lamar Advertising* we interpreted a CCC policy virtually identical to the one at issue and stated:

> While it is true that in *Williamson*, the Louisiana Fourth Circuit Court of Appeal held that loss of profits constitutes injury to "tangible property," we find that the holding in *Williamson* does not compel us to depart from our more recent treatment of this issue in *Selective Insurance*. In *Williamson*, the complaint in the underlying action alleged that the defendant's defamatory remarks about the plaintiff and his business venture caused reputational injury, i.e., intangible property, and thereby, caused him consequential loss of profits. The Louisiana Fourth Circuit held that injury to reputation and loss of profitability constitute damages to "tangible property" within the meaning of a homeowner's policy that defined property damage as "physical injury to or destruction of tangible property including loss of its use." As Continental accurately points out, however, the court in *Williamson* based its interpretation of the policy on a Webster's Dictionary definition of the term tangible. The *Williamson* court considered neither the Louisiana Supreme Court's declaration that tangible property is corporeal property nor any provision of the Louisiana Civil Code in reaching this conclusion. Moreover, the *Williamson* court's broad interpretation of the term tangible would render meaningless the provision under Continental's policy agreeing to pay only those damages caused by physical damage to tangible property. Such an interpretation would make all damages recoverable under the policy. By contrast, this court's interpretation of the terms tangible property as pronounced in *Selective Insurance*, is far more consonant with the language under Continental's policy and is consistent with Louisiana civil law methodology. Accordingly, we hold that loss of profits that do not

4

No. 11-30670

flow from injury to tangible property is not a loss covered by this policy's property damage provision.

396 F.3d at 665 (internal citations and footnotes omitted). *Lamar Advertising* is dispositive of this appeal. "[I]n the absence of a subsequent state court decision or statutory amendment which makes this Court's [prior] decision clearly wrong, we are bound by a prior panel's interpretation of state law." *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 271 n.4 (5th Cir. 2003) (second alteration in original) (internal citations and quotation marks omitted). One's reputation is not tangible property, and the purely economic losses resulting from damage thereto are not "property damage" within the meaning of the policy.

Hammerman also contends that the district court erroneously relied on inaccurate factual findings in ruling on the parties' cross-motions, but it has failed to demonstrate that any of the asserted inaccuracies were material to the district court's judgment.

## CONCLUSION

For the above reasons, the judgment of the district court is AFFIRMED.