Judge Edwin A. Lombard
I,The Appellant and defendant-in-recon-vention, Ben Guillory, seeks review of the March 14, 2016 judgment of the district court awarding the Appellee and plaintiff-in-reconvention, The Laurel Group, LLC (“TLG”) damages for abuse of process and malicious prosecution in the amount of $68,415.66, partially inclusive of attorneys,[1] plus interest. Finding that the district court did not err, we affirm. Furthermore, Mr. Guillory’s exception of prescription is denied. Lastly, the Answer to Appeal of TLG is also denied. -
Facts
In 2009 the City of New Orleans, Code Enforcement Bureau (“the City”) inspected Mr. Guillory’s property located in Orleans Parish at 2421 Peniston Street (“the Property”) for blight violations, which the City found. The City, on July 1, 2009, notified Mr. Guillory that his property had been inspected and was found to be in violation of Chapter 28 of the City Code of New Orleans. The notice, which was sent via certified mail and posted on the door of the Property, further advised Mr. Guillory: 1.) of a list of code violations existing on the Property; 2.) that a hearing was scheduled in a little over 30 days, on August 10, 2009, with the time, |adate and location of the hearing listed; 3.) that he had the right to request an extension; and 4.) that the hearing was being held to determine if the Property is blighted for purposes of appropriation;
Mr. Guillory did not attend the hearing, where he was found guilty of code violations and fined $500 plus $75 in court costs as well as a daily fine of $500. Notice of the Judgment was mailed to him via certified mail. The City later filed its Judgment with the Recorder of Mortgages.[2]
Eventually the City requested the Clerk of Court to issue a Writ of Fieri Facias on February 4, 2011.[3] However, Mr. Guillory took no action to contest the City’s seizure of the Property. In September 2011, the impending sale of the Property was advertised in the “Times-Picayune” and the “Louisiana Weekly.”
TLG was the highest bidder on the Property at the October 18, 2011 sale, *1038 placing a winning bid in the amount of $11,000. On January 3,2012, an Act of Sale was executed between the City and TLG, which was required to immediately begin renovations as a condition of the sale. TLG complied with this requirement completing the majority of the renovations by July 2012.[4]
On May 7, 2012, Mr. Guillory filed a Petition in Suit to Annul Sale against the City and TLG alleging that he never received notice of the enforcement proceeding, nor of the notice of the seizure and sale. Additionally, he recorded a notice of lis pendens in the Orleans Parish conveyance records. TLG avers that | ¡¡attempted to sell the Property after the renovations were complete; however, it discovered there was a notice of lis pendens on the Property precluding its sale.
TLG answered the nullity action and later, on February 26, 2017, filed an amended answer and a reconventional demand raising a claim for unjust enrichment against Mr. Guillory. TLG and Mr. Guillory later filed cross-motions for summary judgment. The district court granted TLG’s motion for summary judgment dismissing Mr. Guillory’s claims against it.[5] Thereafter, TLG was granted leave to file its First Supplemental Reconventional Demand, which it filed on August 30, 2013. TLG raised claims of abuse of process, malicious prosecution and negligence against Mr. Guillory in its First Supplemental Reconventional Demand. Additionally, TLG filed a motion for sanctions under La. Code Civ. Proc. art. 863 against Mr. Guillory, which was denied by the district court.
Mr. Guillory filed a notice of appeal from the district court’s grant of TLG’s motion for summary. judgment on September 9, 2013. However, the parties later agreed to settle their dispute resulting in Mr. Guillo-ry receiving $40,000 and TLG reserving the rights it asserted in its First Supplemental Reconventional Demand. Thereafter, the district court signed an order on February 5, 2014, dismissing Mr. Guillo-ry’s appeal.
On March 3, 2016, trial was held on TLG’s First Supplemental Reconventional Demand. Finding that TLG met its burden of proving its causes of action and resulting damage, the district court rendered judgment on March 14, 2016, awarding TLG $40,000.00 for its claims, and attorney’s fees in the amount of $28,416.66 for its defense against Mr. Guillory’s suit. On May 31, 2016, the Ldistrict court awarded TLG an additional $6,506.68 for attorney’s fees related to TLG’s prosecution of its claims against Mr. Guillory.
Mr. Guillory timely filed the instant appeal. In his appeal, he raises three assignments of error:
1. the district court committed manifest error by granting judgment in favor of plaintiff in reconvention on the claim of malicious prosecution where TLG failed to prove a bona fide termination in its' favor of the prior litigation;
2. the district court committed manifest error when it granted the judgment on the claim of abuse of process where TLG failed to prove a willful act in the use of the process *1039 not proper in the regular'.prosecution of the proceedings; and,
8. the district court committed manifest error by awarding attorney fees to TLG.
Exception of Prescription
Prior to discussing Mr. Guillory’s assignments of error, we shall address his exception of prescription.[6] Mr. Guillpry avers that TLG raised claims of abuse of process, malicious prosecution apd negligence for the first time in its First Supplemental Reconventional Demand, which was filed on August 29, 2013. Mr. Guillory, the defendant-in reconvention specifically contends that the abuse of process and negligence claims raised-had prescribed by the date of the filing. He argues that the three causes of action raised by TLG are. tort-based; thus, they are subject to a libera-tive one-year prescriptive period under La. Code Civ. Proc. art. 3492. He argues that said claims were based on alleged tortious conduct that occurred on May 7, 2012, and therefore had prescribed by the time TLG’s First | ^Supplemental Reconventional Demand was filed. We disagree finding that the assertions of both the original and First Supplemental Reconventional Demand relate to Mr, Guillory’s assertion of ownership over the Property.
“When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to'be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.” La. Code Civ. Proc. art. 1153. This court has explained that that where a sufficient factual nexus exists between the original and amended pleadings technical prescriptive bars do not preclude raising the' claims in the amended pleading:
‘La. Code Civ. Proc. art. 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim arises.’ Gunter v. Plauche, 439 So.2d 437, 440 (La.1983), citing Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980). ‘Where there is • some factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party, amendment should be allowed.’ Baker, 390 So.2d at 1275; Gunter, 439 So.2d at 440.
De Atley v. Victoria’s Secret Catalogue, LLC, 04-0661, p. 5 (La.App. 4 Cir. 5/14/04), 876 So.2d 112, 116. Moreover, “[w]here an original timely pleading provides a party with actual notice that a formal claim is being made based on a particular factual situation, permitting relation back of a post-prescriptive amendment based on the same factual situation does not violate any essential purpose of a prescriptive statute.” Watson v. Woldenberg Vill., Inc., 16-0159, p. 12 (La.App. 4 Cir. 10/5/16), 203 So.3d 317, 325, writ denied, 16-1964 (La. 12/16/16), 211 So.3d 1168 (citing Baker v. Payne and Keller of La., Inc., 390 So.2d 1272, 1275 (La. 1980).
|fiIn the'matter sub'judice, the record reveals that TLG’s assertions in its original and supplemental reconventional demand relate to Mr. Guillory’s assertion of ownership over the Property. TLG’s Re-conventional Demand was filed on February 26, 2013. Therefore, we find that TLG’s filing of its First Supplemental Re-conventional Demand, on August 30, *1040 2013—alleging claims of abuse of process, negligence, and malicious prosecution—related back to the date of the filing of the original Reconventional Demand, and, as such, were timely filed within the one-year liberative prescriptive period expiring on May 7, 2013. The exception of prescription is denied for the foregoing reasons.
Malicious Prosecution
In its first assignment of error, Mr. Guillory argues that TLG did not carry its burden of proof that a bona fide termination of Mr. Guillory’s lawsuit in favor of TLG had occurred at the time it asserted the malicious prosecution claim. One of the requirements for prevailing on a malicious prosecution claim is that there be a bona fide termination of the previous proceeding in favor of the party asserting the malicious prosecution claim.[7] Mr. Guil-lory maintains that at the time TLG filed its First Supplemental Reconventional Demand on August 29, 2013, wherein it raised its claim for malicious prosecution, the delay period for taking an appeal had not yet run. Therefore, it could not be said that there had been a bona fide termination of Mr. Guillory’s action in favor of TLG, and TLG had no evidence of a bona fide termination in its favor at the time of filing its claim.
| ./Moreover, he asserts that TLG improperly raised its claim for malicious prosecution by way of an answer and reconven-tional demand to his lawsuit. He maintains that the filing of a malicious prosecution suit by way of reconventional demand is not allowed, pursuant to the Third Circuit’s holding in Lees v. Smith, 363 So.2d 974 (La.App. 3 Cir. 1978), wherein that court found that a bona fide termination requirement had not been met. The Lees court went on to state:
the policy behind this requirement is apparent; a party bringing a suit should not be made to defend his right to bring such until it is fully determined at trial that the original action was erroneously brought. The possible “chilling effect” on a citizen’s constitutional right to seek redress in the courts is an important consideration.
Id. at 978.
We note neither of these arguments were raised in the district court. Pursuant to Rule 1-3, Uniform Rules-Courts of Appeal, issues not raised in the district court will not be given consideration for the first time on appeal. Moreover, Mr. Guillory’s arguments also fail on the merits.
The Louisiana Supreme Court has explained that “[t]he obvious purpose of the ‘bona fide termination’ requirement in malicious prosecution cases is that the underlying litigation should be brought to a conclusion on the merits before a malicious prosecution suit based on the underlying litigation is allowed to proceed.” Savoie v. Rubin, 01-3275, p. 4 (La. 6/21/02), 820 So.2d 486, 488. The purpose of the bona fide termination requirement is unrelated to the expiration of the delay period for taking an appeal, but rather is based on a requirement that the underlying litigation be concluded by a judgment on the merits. Mr. Guillory cites no legal support for his interpretation of the bona fide termination requirement.
*1041 | «Lastly, we find that Mr. Guillory’s reliance upon Lees is misplaced. TLG asserted its claim for malicious prosecution in its First Supplemental Reconventional Demand, not in its answer or its reconven-tional demand. At the time that TLG filed its First Supplemental Reconventional Demand, Mr. Guillory’s claims against TLG had been dismissed on summary judgment. Conversely, one of the main procedural issues presented to the Third Circuit in Lees was that the plaintiff-in-reconvention raised a claim for malicious prosecution in its reconventional demand before there was a bona fide termination of the underlying suit. This is factually distinct from the matter sub judice. This assignment of error is without merit.
Abuse of Process
In his second assignment of error, Mr. Guillory argues that the district court committed a manifest error when it granted the judgment on the claim of abuse of process where TLG failed to prove a willful act in the use of the process not proper in the regular prosecution of the proceedings.
First, he argues that there is no legal requirement that a plaintiff be in good faith upon commencement of an action. The purpose of his lawsuit, he argues, was to annul the sale of the Property to TLG by the City of New Orleans through its code lien foreclosure sale. He asserts that although the district court determined that he was not in good faith at the time he filed the suit, this was not a requirement for prevailing on an abuse of process claim. Mr. Guillory notes that in abuse of process suits, “[t]he gist of the action is the misuse or misapplication of the process, after it has once been issued, for an end other than that it was designed to accomplish.” Prosser, Torts, § 98; 1, Cooley, Torts, 4th Ed., § 131, p. 437, Annotation, A.L.R., 580; Restatement, Torts, § 682; cf Restatement, Torts § 136(b), comment c. He also relies upon the explanation that the initiation of vexatious civil proceedings known to be groundless is not abuse of process. 52 Am.Jur.2d. § 2 at 187 (1970). The cause of action goes to the use of the process once it has been issued for a purpose for which it was not designed. Mini-Togs, Inc. v. Young, 354 So.2d 1389 (La.App. 2 Cir. 1978). He maintains that he is not liable for abuse of process when he has done nothing more than carry out the process to its authorized conclusion.
Furthermore, Mr. Guillory further contends that TLG has failed to prove that there was an irregularity in the proceeding. He avers that his filing of the petition to annul and the notice of lis pendens pursuant to La. Code Civ. Proc art. 3751, was a regular use of the process. He asserts that neither wrongful motive, purpose, intent or malice can constitute abuse where there is no showing of abuse through an illegal, improper or irregular use of the process. Id. at 1390. TLG, he argues, had to establish that he had an ulterior motive and took improper steps in the regular course of the proceedings. Mr. Guillory maintains that the record is void of any evidence substantiating either of these elements.
He contends that TLG did not meet its burden of proving an ulterior motive on his part. He avers that TLG’s only evidence of ulterior motive was the “self-serving testimony of co-counsel Scott Galante,” who testified that Mr. Guillory’s motive to receive money from TLG became apparent during the only meeting held during the course of this litigation. He avers there is no other evidence that he sought money from TLG. TLG, he argues, failed to prove that any of the steps taken him during the course of the proceedings demonstrate an act in the use of legal process not proper in the regular prosecution of the proceedings. He contends that *1042 TLG failed to meet its burden of proof because no evidence was I ^entered into the record evidencing that TLG proved the second element of the abuse of process claim.
There are two essential elements of a cause of action for abuse of process: (1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not in the regular prosecution of the proceeding. Hebert v. Louisiana/Licensed Prof'l Vocational Rehab. Counselors, 07-610, p. 9 (La.App. 3 Cir. 3/4/09), 4 So.3d 1002, 1009 (subsequent procedural history omitted).
At trial on TLG’s First Supplemental Reconventional Demand, the Court heard testimony from Mr. Galante, Albert Walsh, and Mr. Guillory, in addition to receiving numerous documents into evidence. Mr. Walsh, who is the managing member of TLG, made the winning bid on the Property and retained the law firm of Mr. Ga-lante when he discovered that he could not sell the Property. .The court explained in its Reasons for Judgment that the:
evidence clearly established that Ben Guillory was not in good faith when he commenced suit and named The Laurel Group as a defendant in these proceedings; where he had knowledge that the law did not support a cause of action against The Laurel Group, as an undisputed innocent, good faith, third party purchaser of 2421- Peniston Street; and for the purpose of putting a cloud on the title to the property in order to extract money-from The Laurel Group, when he had knowledge that none was legally due.
The testimony and evidence introduced at trial support this finding. ,
Mr. Galante and Mr. Walsh both testified that Mr. Guillory created a cloud on the title of the Property by recording the notice of lis pendens, which—as Mr. Walsh explained—-consequently prevented TLG from expeditiously selling the Property in order- to timely pursue other business ventures, They further testified that Mr. Guil-lory and his counsel made clear that Mr. Guillory wanted to be |n compensated to remove' the notice of lis pendens and did not desire to regain'ownership of the Property despite filing his petition to annul the sale, and subsequently filing the notice of appeal. Additionally, Mr, Walsh testified that he later personally mét with Mr, Guil-lory, who agreed to execute a quitclaim deed and withdraw his appeal in exchange for receiving $40,000.
The court also explained in its reasons for judgment that it did not find Mr. Guillory to be a credible witness. “Unless clearly contrary to the evidence; credibility determinations are within the discretion of the' trier of fact and will not be disturbed by the reviewing court.” Pearson v. Dep’t of Police, 09-0725, p. 8 (La.App. 4 Cir. 11/12/09), 26 So.3d 264, 268 (citations omitted). We do not find that the district court' manifestly erred in holding that TLG met its burden of proof on its abuse of process claim under the facts presented. This assignment of error is without merit.
Attorney’s Fees
Lastly,.in Mr. Guillory’s remaining assignment of error, he avers that the district court erred in awarding attorney fees for amounts allegedly expended by TLG in defense of Mr. Guillory’s suit and the prosecution of its reconventional demand. It is well settled in Louisiana that as a ‘general rule attorney’s fees are not allowed except where authorized by statute or contract. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970). Mr. Guillory maintains that there is no statutory basis for the award of attorney fees on claims for an abuse of process,-malicious prosecution or negligence. -He further argues that a con *1043 tractual relationship did not exist between the parties upon which to base the award.
However, this Court has explained that claims for abuse of process are an exception to the aboVe-referenced general rule. Favrot v. Favrot, 12-1573, p. 11 (La.App. 4 Cir. 5/1/13), 115 So.3d 1190, 1197, modified on reh’g (May 22, 2013), writ denied, 13-1735 (La. 11/1/13), 125 So.3d 433 (citing In re Mashburn Marital Trusts, 10-0278, p. 14 n. 6 (La.App. 1 Cir. 12/22/10), 52 So.3d 1136, 1145). Additionally, “when a malicious prosecution tort claim is pursued, a claim for attorney’s fees is a claim for compensatory.damages, of which attorney’s fees incurred in the underlying litigation are a component.” Waste Mgmt. of Louisiana, L.L.C. v. Par. of Jefferson ex rel. Jefferson Par. Council, 66 F.Supp.3d 761, 778 (E.D. La. 2014) (citing Ross v. Sheriff of Lafourche Parish, 479 So.2d 506, 513-14 (La.App. 1 Cir.1985). Lastly, regarding TLG’s negligence claim, the Judgment and Reasons for Judgment are silent as to whether the district court awarded TLG attorney’s fees for its negligence claim; therefore, we will not address that issue. This 'assignment of error is without merit.
Answer to Appeal
In TLG’s answer to appeal, it asserts that the district court erroneously awarded TLG $5,506.58 in Costs and Attorney Fees when TLG submitted evidence that said amounts totaled $18,764.80.
The record reflects that Mr. Guillory did not file a motion to traverse TLG’s Statement- of Costs and Reasonable Attorney Fees. By order dated May 31, 2016, the district court awarded TLG $5,000 for reasonable attorney fees from February 11, 2016, to the conclusion of the matter as well as $506.68 for costs accrued for the same time period.[8] Based on the record presented, we find that the district court properly awarded attorney’s fees and costs to TLG arid did not abuse its vast discretion in making this award. This assignment of error is without merit.
JjDECREE
For the foregoing reasons, the judgment of the district court is affirmed. The exception of prescription of Ben Guillory is denied. Lastly, the Answer to Appeal of The Laurel Group is-also denied, '
AFFIRMED; EXCEPTION OF PRESCRIPTION DENIED; ANSWER TO APPEAL DENIED
LOBRANO, J., DISSENTS AND ASSIGNS REASONS

. The district court later awarded TLG additional attorney's fees and costs in the amount of $5,506.68.

. The City also maintains that Mr. Guillory received Notice of the Judgment and of the City Lien on his property tax bill.

. The City avers that the Sheriff of Orleans Parish served a Notice of Seizure and Notice of Appraiser upon Mr. Guillory on April 6, 2011.

. Mr. Guillory executed an act of transfer of the Property to an LLC he wholly owned, FMCC, LLC. The filing of the transfer led to a new enforcement action against Mr, Guillory and FMCC for the continued blight. The City determined, on February 2, 2012, that the Property remained blighted.

. Additionally, the district court granted the City's motion for a judgment on the pleadings.

. Pursuant to La. Code Civ. Proc. art. 2163 an appellate court can consider a peremptory exception filed for the first time in that court when pled prior to the submission of the case and proof of the grounds for- the exception appear on the record.

. The six (6) elements required to prevail on a malicious prosecution claim are: 1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. Lemoine v. Wolfe, 14-1546, p. 8 (La. 3/17/15), 168 So.3d 362, 367 (citations omitted).

. The district court had previously awarded TLG $28,415.66 -for the attorney fees and costs it incurred through February 11, 2016.