522 So.2d 1166 (1988)
Thomas A. EDMONDS
v.
BOH BROS. CONSTRUCTION CO., and Electro-Coal Transfer Corp.
No. CA-7428.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
Charles B. Colvin, Metairie, for plaintiff-appellant.
Grady S. Hurley, Patrick H. Patrick, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants/appellees.
Before SCHOTT, WARD, Joan Bernard ARMSTRONG, JJ.
SCHOTT, Judge.
Plaintiff alleges that while he was working for Boh Bros. Construction Co., Inc. he was injured as a result of the negligence of defendant, Electro-Coal Transfer Corp. Among a number of items of damages he claims is one for punitive damages. From a judgment sustaining defendant's exception of no cause of action as to this single item plaintiff has appealed.
In his petition plaintiff alleges that the accident occurred when defendant's tug *1167 caused an excessive wake which, in turn, caused him to fall from a barge where he was working for Boh Bros.; that the defendant engaged in the reckless operation of a vessel; and that its misconduct was willful and wanton entitling him to punitive damages.
Under Louisiana Law a plaintiff has no cause of action for punitive damages except where authorized by statute. Since this is a maritime claim, however, our courts must apply federal substantive law. Gaspard v. Transworld Drilling Company, 468 So.2d 692 (La.App. 3d Cir.1985); writ denied, 474 So.2d 1304 (La.), cert. denied, 475 U.S. 1067, 106 S.Ct. 1382, 89 L.Ed.2d 607. Under federal maritime law punitive damages may be imposed for conduct which manifests reckless or callous disregard for the rights of others or for conduct which shows gross negligence. Protectus Alpha Navigation v. North Pacific Grain Growers, Inc., 767 Fed.2d 1379 (9th Cir.1985).
Defendant correctly asserts that the court in considering an exception of no cause of action considers only the factual allegations of the petition and determines whether the law affords relief to plaintiff if those facts are proved at trial. Robinson v. North America Royalties Inc., 470 So. 2d 112 (La.1985). When stripped of conclusory allegations, which may not be considered on an exception of no cause of action, plaintiff's petition contains only the assertion that the wake from defendant's tug caused him to fall. He does not allege specific facts which may support the conclusion that the wave wash was "excessive", or why defendant's conduct should be classified as "misconduct" and characterized as "willful and wanton". However, in argument plaintiff alludes to many unpleaded facts which may support the conclusion he asserts. Thus, it appears that he may be able to remove the grounds for defendant's objection to his petition by amending it. Under these circumstances the trial court was compelled to provide plaintiff with an opportunity to amend his petition, LSA-C.C.P. art. 934.
Accordingly, that portion of the judgment appealed from sustaining defendant's exception of no cause of action for punitive damages is affirmed, but amended to order plaintiff to amend his petition within the delay allowed by the trial court. Costs of this appeal are taxed against defendant. Other costs are to await the outcome of the case.
AMENDED AND AFFIRMED.
WARD, J., concurs.
WARD, Judge, concurring.
I concur in the judgment of the Court because I believe that the Trial Judge correctly maintained Electro-Coal's exception of no cause of action, and that Edmonds should be given the opportunity to amend his petition. In my view, however, that part of the petition claiming punitive damages is insufficient, not because it fails to set forth facts to support a claim for punitive damages under general maritime law, but because it fails to set forth facts to support a claim for punitive damages against an employer for the actions of its employee.
The allegations in the petition are sufficiently specific to indicate the conduct upon which Edmonds bases his claim for punitive damages. I believe that any additional facts concerning that conduct which Edmonds may allege in an amended petition will do little to clarify his claim. While legal conclusions do not suffice under Louisiana's procedural requirements, Edmonds alleged all that was required. Allegations of Electro-Coal's reckless operation of a vessel and willful, wanton misconduct, read together with the allegation that an Electro-Coal vessel caused excessive wake, can only mean that Edmonds is asserting that an Electro-Coal employee willfully and wantonly operated a vessel which caused excessive wave-wash, causing his injury. I believe this is sufficient, and therefore I would not remand for further clarification of these facts.
Willful, wanton, or reckless conduct may support a claim for punitive damages, but such conduct does not necessarily support Electro-Coal's liability for punitive damages *1168 in this case. When the defendant's employee's conduct is the basis for a claim for punitive damages, a finding of willful, wanton, or reckless conduct by the employee does not necessarily support an award of punitive damages against his employer.
Several recent cases have examined the factual situations under which employers may be held liable for punitive damages for the conduct of their employees. Protectus Alpha Navigation Co. v. North Pacific Grain Growers, Inc., 767 F.2d 1379 (9th Cir.1985), adopted the Restatement of Torts, 2d criteria. However, McGuffie v. Transworld Drilling Co., 625 F.Supp. 369 (W.D.La.1985), rejected the Restatement, and adopted a stricter position. Nonetheless, we need not decide whether to apply the Protectus Alpha or McGuffie criteria, because Edmonds has not alleged facts that would bring his claim under either case.
Thus, Edmonds's petition does not state a cause of action against Electro-Coal for punitive damages based upon the conduct of its employee. He should, nevertheless, be given the opportunity to amend his petition to cure this defect, and I would remand for this purpose only.