572 So.2d 343 (1990)
Dan C. FRISARD, III
v.
EASTOVER BANK FOR SAVINGS and John Doe Company.
No. 90-CA-483.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
*344 Dan C. Frisard, Metairie, pro se.
Donald A. Meyer, Rader Jackson, Shushan, Meyer, Jackson, McPherson & Herzog, New Orleans, for defendant/appellee.
Before KLIEBERT, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal by the plaintiff from dismissal of his suit on an exception of no cause of action.
The facts as related in the parties' briefs are as follows. Dan C. Frisard, III, owner and lessor of a house in Marrero, filed suit in proper person against Eastover Bank for Savings of Jackson, Mississippi. In May, 1988, a New Orleans law firm representing Eastover had sent a notice of eviction to Frisard's tenant telling her to vacate the premises as the property was to be seized and sold. Frisard telephoned the law firm and shortly thereafter the firm sent letters of apology to Frisard and his tenant, acknowledging an error had been made owing to an incorrect address in the bank's files.
In August an Eastover representative went to the house and upon finding no one home left a message with a neighbor to the effect that the mortgage was in default, the property was to be sold, and the tenant must move voluntarily or be evicted. The representative made two more calls upon the tenant in August, one in person and the other by telephone, the last on August 15. The tenant got the representative's name on the third contact, following which Frisard was able to straighten out the matter with the bank.
The pertinent sections of the petition, as amended in the first and second amending and supplemental petitions, read as follows:

IV.
That on or about May 9, 1988, the Law Offices of Shushan, Meyer, Jackson, McPherson and Herzog, hereafter referred to as Law Office, did mail a notice to occupant of 1002 DiMarco Drive, Marrero, Louisiana, Ms. Williams, to vacate property because property was being seized.

*345 V.
That on or about May 12, 1988, Ms. Williams called owner of property at 1002 DiMarco Drive, Marrero, Louisiana, Dan C. Frisard, and informed him of the letter from the law office.
VI.
That on or about May 13, 1988, Dan C. Frisard, after three telephone calls to the law office finally convinced collection department there was a grave mistake made concerning the address of the property to be seized by Eastover Bank.
VII.
That on May 31, 1988 and June 2, 1988, the law office sent Ms. Williams and Dan C. Frisard letters of regret for erroneous letters to vacate.
VIII.
That on or about August 1, 1988, a representative of Eastover Bank showed up at 1002 DiMarco Drive, Marrero, Louisiana and left word with neighbors that 1002 DiMarco was again going to be seized and left instructions for the neighbor to tell occupant of 1002 DiMarco, Ms. Williams, to vacate before seizure or risk eviction and her belongings to be put out on the street.
IX.
That on or about the afternoon of August 12, 1988, a representative of Eastover Bank, did suddenly appear in person and told Ms. Williams she would have to move because 1002 DiMarco was being seized and if she did not move her possessions would be placed out on the street.
X.
That on or about August 15, 1988, bank representative Rebecca Yates called Ms. Williams at her place of business, South Central Bell, and again warned her about moving out of 1002 DiMarco.
XI.
That from August 1st through August 15th, 1988, owner of 1002 DiMarco, Dan C. Frisard, was called on many occasions at work and home by Ms. Williams informing him of these threats.
XII.
As a result of Eastover's negligence, Dr. Frisard sustained emotional distress, anxiety, loss of goodwill with tenant of 1002 DiMarco, Ms. Williams; embarassment and defamation of character, and monetary loss from legal consultation and rent compensations; all in amount to be proved on the trial of this cause.
XIII.
That Dr. Frisard's damages resulted proximately from the joint and concurring fault of the employees or representatives of Eastover Bank for Savings (the names of such employees or representatives are unknown to plaintiff, but are peculiarly within knowledge of defendants) as set forth below in Paragraph XIV.
XIV.
The employees and/or representatives of Eastover were negligent in failing to carefully inspect public parish records of property ownership of 1002 DiMarco, Marrero, Louisiana, prior to eviction and seizure notices; in failing to take responsible action in response to Ms. Williams good faith attempts, when on at least three occasions she attempted to give information which revealed that the attempted seizure and eviction of 1002 DiMarco was in error; in failing to respect the basis (sic) right of privacy and good character of Dr. Frisard by negligently announcing false and erroneous information to neighbors of 1002 DiMarco, resulting in public embarassment and defamation of Dr. Frisard's good character; in failing to respect Ms. William's basis (sic) right of peaceable possession of *346 1002 DiMarco thereby making Dr. Frisard, lessor, an involuntary obligator of Ms. William's peaceable possession of 1002 DiMarco (Art. 2692); in failing to act and conduct banking business as would be expected of the average, prudent bank; and any and all other negligent acts to be proved on the trial of this cause.
(Frisard's second amending petition merely renumbered the paragraphs.)
Eastover raised exceptions of res judicata and no cause of action. After a hearing the trial judge took the matter under advisement and then denied the exception of res judicata but granted the exception of no cause of action, dismissing the plaintiff's suit with written reasons.
The only issue before this court is whether the trial judge correctly dismissed the plaintiff's suit for failure to state a cause of action. The appellee argues in brief that the court erroneously denied the exception of res judicata; however, as no cross-appeal or answer to the appeal was filed, we shall not consider appellee's assignment of error.
The purpose of the exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the petition, and for purposes of determining the issues raised, well pleaded facts in the petition must be accepted as true. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).

Mental Anguish
The appellant's claim for emotional distress and mental anguish is based on his being upset by his tenant's distress and his concern that she might leave. He does not allege that at any time Eastover contacted him as owner of the property.
Mental anguish for witnessing physical injuries to a third person has been recognized as a cause of action in two recent cases: LeJeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990) and Bell v. Travelers Indem. Co., 561 So.2d 731 (La.App. 1st Cir.1990); however, mental anguish because of the emotional distress of another has not yet been considered a valid claim by the courts.
Damages for mental anguish have been awarded rarely for damage to property or interference with property rights. In Kolder v. State Farm Ins. Co., 520 So.2d 960, 963 (La.App. 3rd Cir.1987), the court listed the four circumstances under which awards for mental anguish have been made:
... (1) when property has been damaged by an intentional or illegal act; (2) where property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuous nuisance; (4) when property is damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result....
The Kolder case awarded damages for mental anguish to a plaintiff who watched a fire in her neighbor's field encroach upon her land and feared that her child might be harmed and that her truck and house might be damaged. The appellate court lowered the trial court's award, allowing damages only for her fear for the child and holding that actual damage to property must result. In an earlier case relied upon by the appellant, Farr v. Johnson, 308 So.2d 884 (La.App. 2nd Cir.1975), where an automobile crashed into the plaintiff's house, damages were denied because the anguish was no more than normal worry and mental consternation. See also Blache v. Jones, 521 So.2d 530 (La.App. 4th Cir.1988); Loeblich v. Garnier, 113 So.2d 95 (La.App. 1st Cir.1959).
There are no allegations in the plaintiff's petition that actual damage to his property occurred, or that he suffered any more than normal concern. Furthermore, no facts are pleaded which might lead one to conclude that the acts were illegal or intentional, only that they were negligent. As the necessary elements for awarding damages for mental anguish are not present in the plaintiff's petition, he has not stated a cause of action for such damages.

Defamation
The plaintiff claims in brief that he was defamed, in that Eastover's representative *347 told the tenant's neighbor and the tenant that he had not paid his mortgage.
In order to state a cause of action for defamation the plaintiff must allege: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101 (La.1988), and cases cited therein. As quoted above, the petition alleges that, "The employees and/or representatives of Eastover were negligent ... in failing to respect the basis (sic) right of privacy and good character of Dr. Frisard by negligently announcing false and erroneous information to neighbors of 1002 Di Marco, resulting in public embarassment (sic) and defamation of Dr. Frisard's good character; ..."
As the petition stands, it fails to allege specific facts representing the elements of defamation. There are no words that may be construed as defamatory; there is no allegation that Frisard was named as a debtor/owner of the property; and negligence rather than malice is alleged. Consequently, we find no error in the judge's ruling on the issue of defamation.

Monetary Losses, Reduced Rentals and Legal Consultation, Loss of Tenant's Good Will
The plaintiff's claim for lost rental income, owing to his allegedly being obliged to placate his tenant in order to retain her good will, falls into the category of tortious interference with his lease contract. In 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989), the Supreme Court held that under certain narrow circumstances claims for tortious interference with contract would be henceforth entertained in Louisiana. Tortious interference is an intentional act by a corporate officer that causes a party to breach a contract or that makes performance of it more burdensome, more difficult, or impossible, or of less value to the performer. It is not a negligent act. Furthermore, the claim is not actionable where the corporate officer has reasonable justification for his action, acting within his scope of corporate authority and believing the action would benefit the corporation. See also Tallo v. Stroh Brewery Co., 544 So.2d 452 (La.App. 4th Cir.1989) writ denied 547 So.2d 355 (La. 1989).
The facts pleaded by Frisard do not place his claim within the limits set out in Spurney; consequently we find no error in the trial judge's ruling.
As to the appellant's claim for attorney's fees, in the absence of a contractual or statutory right to receive attorney's fees, none may be awarded. The appellant pleads no facts to support such a right.
For the reasons assigned above, the decision appealed from is affirmed insofar as it denies the defendant's exception of res judicata and sustains the exception of no cause of action. In accordance with La.C. C.P. art. 934, we remand the case to the trial court with instructions to allow the plaintiff fifteen (15) days from finality of this opinion to file an amended petition to allege, if he can, a cause of action.
AFFIRMED IN PART AND REMANDED.