572 So.2d 834 (1990)
Peter M. CIECIERSKI
v.
AVONDALE SHIPYARDS, INC., et al.
No. 89-CA-1161.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1990.
Writ Denied March 1, 1991.
Peter M. Ciecierski, New Orleans, pro. per.
Keith M. Pyburn, Jr., McCalla, Thompson, Pyburn & Ridley, New Orleans, for defendants-appellees Avondale Shipyards, Inc., et al.
Before SCHOTT, KLEES and CIACCIO, JJ.
KLEES, Judge.
Plaintiff appeals the district court's judgment dismissing his claim for punitive damages on an exception of no cause of action. We affirm.
Plaintiff filed a petition claiming that his former employer, Avondale Shipyards, Inc., and three individuals had defamed him, citing specifically a letter one of his superiors wrote to U.S. Congresswoman Lindy Boggs explaining the reasons for plaintiff's termination in February 1983 by Avondale. In his petition, plaintiff sought exemplary and punitive damages. Defendants opposed the petition by filing a motion to strike the prayer for punitive damages and an exception of no cause of action with regard to the defamation claim. On May 26, 1989, the trial court rendered judgment converting defendants' motion to strike into an exception of no cause of action and granting said exception, therefore denying plaintiff the right to seek punitive damages. The trial court also denied defendants' exception of no cause of action with regard to the defamation claim itself, allowing that claim to stand.
Plaintiff has appealed the dismissal of his claim for punitive damages to this court. Defendants initially filed a motion to dismiss the appeal on the grounds that the judgment is an unappealable interlocutory order. We denied the motion holding that the failure to afford the plaintiff the opportunity to appeal the ruling at this juncture would cause him irreparable harm.
Accordingly, the sole issue on appeal is whether plaintiff has the right under Louisiana law to seek punitive damages for a defamation claim. We find that he does not.
It is well established in Louisiana that punitive damages are not available except where expressly authorized by statute. Edmonds v. Boh Bros. Construction Co., 522 So.2d 1166, 1167 (La.App. 4th Cir. 1988); Munson v. Gaylord Broadcasting Co., 491 So.2d 780, 782 (La.App. 4th Cir. 1986), writ denied 496 So.2d 335 (La.1986).
Libel or defamation is actionable under article 2315 of the Louisiana Civil Code. Madison v. Bolton, 234 La. 997, 102 So.2d 433, 437 (1958). Article 2315 does not provide for punitive damages. Our review of the legislative history of article 2315 with regard to defamation reveals that prior to 1976, recovery of punitive damages was barred in defamation cases. River Cities Construction Co. v. Barnard & Burk, *835 Inc., 444 So.2d 1260 (La.App. 1st Cir.1983), cert. denied 446 So.2d 1223 and 446 So.2d 1226 (La.1984). In Act 217 of 1976 the legislature created article 2315.1, which allowed a party to recover punitive damages and attorney fees in defamation cases. However, article 2315.1 was repealed in 1980, with the clear intent of the legislature being to eliminate awards of punitive damages and attorney fees in defamation actions. River Cities, supra, at 1267. Thus, although punitive damages were available in such cases between July of 1976 and July of 1980, they no longer are recoverable.
In his brief, plaintiff has discussed the history of punitive damages and the recovery of punitive damages under federal law. He has cited no authority, however, to the effect that punitive damages are recoverable in defamation cases under Louisiana law. Accordingly, we agree with the trial court that state law does not allow the recovery of punitive damages in a libel or defamation action.
We therefore affirm the judgment of the district court granting defendants' exception of no cause of action and dismissing plaintiff's claim for punitive damages.
AFFIRMED.