SCHOTT, Chief Judge.
This is a suit by a seaman, his wife and children (in this opinion plaintiff refers to the seaman himself) for damages for injuries he allegedly sustained when the vessel of which he was a crew member capsized. The trial court dismissed the suit on a motion for summary judgment and plaintiffs have appealed. The issue is whether the Jones Act, 46 U.S.C.App. § 688 and/or general maritime law afford a seaman with a cause of action for purely emotional injury absent physical injury under the undisputed facts of this case from plaintiff’s deposition and other documents of record.
Plaintiff was working aboard the M/V T.E. Lyons when it struck a submerged pylon near a platform to which the vessel was moored. Knowing that the boat would not go under immediately, he gathered all his personal possessions from his quarters and deposited them on the deck of a crew boat which had backed up to their vessel to assist. Along with the other crew members he worked to save the vessel for approximately two hours. When it appeared the boat would go under, plaintiff evacuated via a personnel basket suspended from the oh platform’s crane. Watching from the platform, he saw the vessel roll over and the other crew members crawl onto the bottom of the upturned vessel. The captain “went down with his ship” when the boat capsized. He remained under water for less than one minute, surfaced, and swam to safety. As a result, plaintiff, who admits his physical injuries were minor, claims that he suffers debilitating post-traumatic stress disorder for which he should recover damages under the Jones Act and general maritime law.
This case is governed by federal maritime law. Edmonds v. Boh Bros. Const. Co., 522 So.2d 1166 (La.App. 4th Cir.1988). In order to determine what that law is an expression by the Supreme Court of the United States would be dispositive, but we are not aware of such a case. Instead, the parties seem to agree that we should look to decisions of the United States Court of Appeals for the Fifth Circuit in order to decide this case; • although plaintiff would benefit from cases of the Ninth Circuit Court of Appeals which alone among the federal circuits seems willing to recognize a maritime cause of action for pure emotional or mental injury. See, for example, Taylor v. Burlington Northern Railroad Co., 787 F.2d 1309 (9th Cir.1986).
At the outset of this discussion we recognize the plaintiff is not claiming damages from his experience in watching his ship capsize and seeing his shipmates save themselves. If so, recovery would be clearly precluded since the Fifth Circuit has clearly declined to recognize recovery for emotional distress by one who was a mere bystander even though closely related to the victim. Gaston v. Flowers Transp., 866 F.2d 816 (5th Cir.1989).
Plaintiff is seeking recovery for damages arising out of his experience while he was aboard the distressed vessel before being evacuated to the platform. As such he seeks recovery under the “zone of danger” theory most recently discussed in Gough v. Nat. Gas Pipeline Co. 996 F.2d 763 (5th Cir.1993) and applied by the United States District Court in Anselmi v. Penrod Drilling Corp., 813 F.Supp. 436 (E.D.La.1993).
In Gough the court found that the plaintiff could recover for his emotional distress because he suffered both a physical impact and tangible physical injuries. The court would not decide whether the plaintiff might recover on the zone of danger theory since he could recover on the physical impact basis concluding, “we once more leave the question open.”
In the Anselmi case the plaintiff was aboard a jackup rig which was rocked by two explosions. As he approached the life boat, he saw flames coming from a room nearby. He was instructed by the tool pusher to *430 assist injured crew members which he did until helicopters came to evacuate them. All the while he observed severe damage to the rig and he was in fear that leaking gas would cause the entire rig to be destroyed.
The undisputed facts of the instant case do not place the plaintiff in a zone of danger while he calmly gathered his belongings and voluntarily remained on the vessel working to save it until he felt it was time to evacuate. In his deposition he stated that he never panicked and he stayed calm because he saw that the vessel was not going under right away. We have concluded that there was no genuine issue of material fact so that defendants were entitled to summary judgment as a matter of law.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.