I, WICKER, Judge.
This appeal arises from a suit for breach of contract and defamation filed on behalf of Russell Saluto, d/b/a Saluto Home Improvement against Donna O’Leary, wife of/and Ernest Mark Gonzales. State Farm Fire and Casualty Company was later added as a defendant. State Farm filed a motion for summary judgment urging that the breach of contract and defamation claims were excluded from coverage under the homeowner’s policy issued to O’Leary and Gonzales. The trial judge concluded both claims were excluded from coverage. He dismissed Saluto’s claims against State Farm. Saluto, O’Leary and Gonzales have appealed the dismissal on the basis the defamation claim is excluded from coverage. We affirm.
Saluto filed suit against O’Leary and Gonzales alleging they breached an oral construction contract, owing him money for building their residence. He further alleged these defendants/appellees defamed him by relating the following false accusations to third parties: (1) he had stolen material from the job site; (2) he did not have the requisite experience nor skills; (3) due to the lack of expertise he did not complete the project timely, and (4) he was a dealer and user of heroin. He alleged these alleged these insults were intended to damage his reputation and that he has suffered financial losses as a result.
Saluto filed a supplemental and amending petition alleging the following:
O’Learfy] verbally defamed [him] by de-daring to members of the public that [he] was a “liar” and a “thief’ [and] not to be trusted; and that [G]onzales defamed [him] by declaring to members of the public [he] was a “thief’, that he had stolen sums of money from the mortgage lende[r], and that [he] used the said stolen money to buy “dope”; [0]’Leary defamed [him] by declaring to members of the public that [he] was a “heroin addict” and also personally hated the said members of the public; both defendants simultaneously defamed [him] by declaring to members of the public that [he] was a “thief’, all such accusations and falsehoods being to the severe financial detriment of your petitioner.
In support of its motion for summary judgment State Farm attached a certified copy of the homeowner’s insurance policy issued to the defendants/appellees. Section II of the policy lists the following exclusion:
Ra. bodily injury or property damage:
(1) which is either expected or intended by an insured; or
(2) to any person or property which is the result of willful and malicious acts of an insured[;]
Saluto’s deposition was also introduced in support of the motion. He testified to the truth of the allegations constituting his action for defamation. The defendants filed affidavits as well as their answer denying these allegations. Both affiants deny making any statements with malice or with the intent to injure Saluto’s business or reputation.
*1227 The trial judgé relied on Cangelosi v. Schwegmann Brothers Giant Supermarkets, 390 So.2d 196 (La.1980) in finding the defamation claim was not covered by the policy. Additionally, at the hearing he explained:
I feel pretty comfortable with the defamation, I really do. In fact, by the nature of it, it’s in direct conflict with what the policy provides for. It has to be intentional, [i]n order to be defamation.
The appellants do not specify as error the trial judge’s ruling that the breach of contract claim was excluded from coverage. Their sole argument in this regard is that the insurer must defend the entire lawsuit even if other claims fall outside of the coverage. Thus, they argue, “[a]s the defamation claim clearly falls within the scope of coverage under the policy, the breach of contract claim must be defended by State Farm.”
They specify the following errors:
1. An exclusionary clause in an insurance policy must be interpreted liberally in favor or coverage; it was error for the trial court to fail to strictly construe the exclusionary clause against State Farm, and
2. The trial court erred in granting summary judgment in favor of State Farm as material issues of fact exist which preclude summary judgment.
Appellants argue defamation can be accomplished by negligent acts which would then be covered by the policy. They rely on the fourth circuit case of Williamson v. Historic Hurstville Ass’n, 556 So.2d 103 (La.App. 4th Cir.1990). In Williamson the fourth circuit | ¡¡concluded that a homeowner’s policy excluding intentional acts did not preclude defamation since defamation can be accomplished by negligent acts. In so holding, that circuit followed its previous decision in Munson v. Gaylord Broadcasting Co., 491 So.2d 780 (La.App. 4th Cir.1986), unit denied, 496 So.2d 335 (La.1986).
The Munson court held at 781-782:
Although fault is necessary to a cause of action for defamation under both common law and Louisiana law, and although malice (i.e. deliberate intent to injure) may be an example of fault, malice as such is not an element of a cause of action for defamation.
* ⅜ ⅝ * * *
One cannot falsely accuse another of some grave misdeed such as murder or prostitution without being at fault in some way, within the meaning of La.C.C. 2315, at least through “his negligence, his imprudence, or his want of skill,” C.C. 2316. It is not unreasonable (although it may not be necessary under C.C. 2315) to declare the negligent publication of so outrageous an accusation a legal equivalent of malice [emphasis in original].
Although the Munson court cited the Louisiana Supreme Court case of Cangelosi supra as including malice or implied malice as an element of defamation its interpretation of Cangelosi differs from that of this circuit. Frisard v. Eastover Bank For Sav., 572 So.2d 343 (La.App. 5th Cir.1990).[1]
The trial judge relied on Cangelosi for determining the policy excluded coverage. In Cangelosi the Supreme Court held at 198:
To maintain an action in defamation, the following elements must be shown: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury [citations omitted].
See also, Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101, 1105 (La.1988).
|4In Frisard this court held the plaintiff had not stated a cause of action for defamation when negligence rather than malice was alleged. Saluto has stated a cause of action for defamation. Thus, the policy clearly excludes coverage.
Accordingly, the judgment granting summary judgment in favor of State Farm Fire and Casualty Company, dismissing plaintiff’s (Russell Saluto d/b/a Saluto Home Improvement) claims against State Farm Fire and Casualty Company is affirmed at appellants’ cost.

AFFIRMED.

. In Frisard, unlike Munson, no writs were taken to the Louisiana Supreme Court. We recognize there are opposite views taken by our circuit and the fourth circuit.