689 So.2d 736 (1997)
Darrell Stephon FAIRLEY
v.
OCEAN DRILLING AND EXPLORATION COMPANY.
No. 95-CA-1542.
Court of Appeal of Louisiana, Fourth Circuit.
February 19, 1997.
Lawrence D. Wiedemann, Brian G. Shearman, Wiedemann & Wiedemann, New Orleans, for Plaintiff-Appellant.
James R. Silverstein, Frilot, Partridge, Kohnke & Clements, New Orleans, for Defendant-Appellee.
*737 Before BYRNES, LOBRANO and MURRAY, JJ.
BYRNES, Judge.
Plaintiff, Darryl Stephon Fairley, sued defendant, Ocean Drilling and Exploration Company ("ODECO"), seeking damages pursuant to the Jones Act and the general maritime law for personal injuries sustained while employed by ODECO on or about September 7, 1989. Plaintiff seeks punitive damages for ODECO's alleged wrongful failure to pay maintenance and cure. The trial court granted ODECO's motion for partial summary judgment dismissing that portion of plaintiff's suit claiming punitive damages for wrongful failure to pay maintenance and cure. Plaintiff appealed. We affirm.
A claim for punitive damages for wrongful failure to pay maintenance and cure arises under the general maritime law. Punitive damages are not recoverable under the general maritime law. Bridgett v. Odeco, Inc., 93-1536 (La.App. 4 Cir. 12/15/94); 646 So.2d 1249, writ denied, 95-0381 (La.3/30/95); 651 So.2d 840; Guevara v. Maritime Overseas Corp., 59 F.3d 1496 (5 Cir.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996).
Punitive damages are contrary to Louisiana legal philosophy and are only permitted where specifically provided for by statute:
[U]nder Louisiana substantive law, absent express authorization by statute (i.e. LSA-C.C. art. 2315.3 and 2315.4), punitive damages are not allowed in Louisiana. Edmonds v. Boh Bros. Construction Company, 522 So.2d 1166 (La.App. 4 Cir.1988.)
Price v. Louisiana Dept. of Transp. and Development, 608 So.2d 203 (La.App. 4 Cir. 1992).
This Court does not condone the wrongful failure to pay maintenance and cure. But the fact that this Court may disapprove of certain conduct does not give us the authority to create a punitive damage remedy. In the absence of a clear directive either by statute or in the general maritime law it is not the province of this Court to provide a punitive damage remedy for the wrongful failure to pay maintenance and cure. We find no such authority in statute or in the general maritime law.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
MURRAY, J., dissents with reasons.
MURRAY, Judge, dissenting with reasons.
I respectfully dissent.
The question to be resolved in this appeal is whether a seaman whose employer has willfully and arbitrarily refused to pay to him maintenance and cure benefits has a claim for punitive damages. The majority cites two cases for the proposition that such damages are not recoverable: Bridgett v. Odeco, 93-1536 (La.App. 4th Cir. 12/15/94); 646 So.2d 1249, writ denied, 95-0381 (La.3/30/95); 651 So.2d 840 and Guevara v. Maritime Overseas Corp., 59 F.3d 1496 (5th Cir.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996).
Bridgett v. Odeco, supra, addressed the question of whether, in light of the U.S. Supreme Court's decision in Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), punitive damages were available under the general maritime law in a claim for unseaworthiness. This court found that the rationale of Miles precluded such an award. 93-1536, p. 8, 646 So.2d at 1254. Bridgett did not deal with the specific question raised by this appeal, the viability of a claim for punitive damages for the willful and arbitrary failure to a pay a seaman maintenance and cure benefits.
Miles involved a claim by the parents of a seaman who was killed by a fellow crewmember. The parents had been awarded a recovery under the Jones Act for the employer's negligence and under the general maritime law for the unseaworthiness of the vessel. The unseaworthiness ruling presented the question of whether the damages recoverable under the general maritime law included the loss of society. A unanimous Court found that, although the wrongful death of a Jones Act seaman is actionable under the *738 general maritime law, the damages recoverable in such an action did not include loss of society. Id. at 33, 111 S.Ct. at 326. The Court reasoned that, because maritime tort law is now dominated by federal statute, courts are not free to expand remedies at will simply because to do so would be beneficial to seamen and those dependent upon them. Id. Since Miles involved the death of a Jones Act seaman, the Court had to look to the Jones Act to determine what damages were available.
Thus, Miles provides an analytical framework that dictates the approach for a court to follow in deciding damages in actions under the general maritime law. In order to decide whether Miles applies to a case, a court should first evaluate the factual setting of the case and determine what statutory remedial measures, if any, apply in that context. If the situation is one that is covered by a statute like the Jones Act or DOHSA, which informs and limits the damages available, then the applicable statute also will determine the recovery available under the general maritime law. Guevara v. Maritime Overseas Corp., 59 F.3d at 1506.
In Guevara, the other case upon which the majority grounds its opinion, the United States Fifth Circuit Court of Appeals held that attorney fees, but not punitive damages, were recoverable for the willful and arbitrary denial of a seaman's maintenance and cure. 59 F.3d at 1513. It reached that conclusion by finding that there was an "overlap" between maintenance and cure and the personal injury coverage of the Jones Act. For this reason, the Court held that the Miles rationale and the desire for uniformity precluded the recovery of punitive damages for a shipowner's arbitrary failure to pay maintenance and cure. Id.[1]
Contrary to the Fifth Circuit, the United States Ninth Circuit Court of Appeals, addressing the identical question, found that maintenance and cure has no statutory analog, and concluded that Miles, therefore, did not control on that question. Glynn v. Roy Al Boat Management Corp., 57 F.3d 1495 (9th Cir.1995), cert. denied ___ U.S. ___, 116 S.Ct. 708, 133 L.Ed.2d 663 (1996). However, based on its interpretation of Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), the court determined that punitive damages, in addition to attorneys fees, are not available for a shipowner's arbitrary refusal to pay maintenance.
I agree with the Ninth Circuit that maintenance and cure has no statutory analog. While, as the Fifth Circuit noted in Guevara, a tort-like element may be associated with the failure to pay maintenance and cure, such as when a seaman's medical condition is worsened by the failure, the Jones Act does not address maintenance cure and neither forms nor limits the damages available.
The obligation of a shipowner to pay maintenance and cure to a seaman who is injured or falls ill while in the service of the vessel is firmly rooted in the general maritime law. The Supreme Court has acknowledged that this obligation is of ancient origin, having been provided for in the earliest codifications of the law of the sea, and first recognized in the United States in Harden v. Gordon, 11 Fed.Cas. 480, No. 6,047, and Reed v. Canfield, 20 Fed. Cas. 426, No. 11,641. Vaughan, 369 U.S. at 536, 82 S.Ct. at 1002. The duty to provide maintenance and cure historically was imposed to alleviate the physical and financial hardships that otherwise would have beset an injured or ill seaman without the means of support or the hope of obtaining medical treatment. The law of the sea sought to alleviate these hardships for humanitarian reasons and to maintain the morale and effectiveness of the merchant marine. Id.
Entitlement to maintenance and cure is not based on negligence or unseaworthiness. Rather, it is akin to a workers compensation benefit, for seamen. It is an obligation of the *739 shipowner, irrespective of fault, that is imposed by the law itself as one annexed to the seaman's employment. Id. at 532-33, 82 S.Ct. at 1000-01. Its limited purpose is to make the seaman whole, and it does not extend beyond the seaman's need; it ends absolutely at the point that maximum medical recovery has been reached. Id. Rather than providing for maintenance and cure by the Jones Act or other statute, Congress has left to the courts the task of writing the rules on maintenance and cure. See Anderson v. Texaco, Inc., 797 F.Supp. 531, 534 (E.D.La. 1992). Because this situation is not one covered by statute, the Miles rationale does not preclude the award of punitive damages for a shipowner's willful and arbitrary refusal to provide maintenance and cure.
Although the U.S. Supreme Court has not ruled on the question of whether punitive damages, beyond necessary attorney fees, are available for a shipowner's willful disregard of a seaman's legal right to maintenance and cure, admiralty courts have been liberal in interpreting the maintenance and cure duty for the benefit and protection of seamen, and have resolved ambiguities or doubts in the seaman's favor. Vaughan, 369 U.S. at 532, 82 S.Ct. at 1000.
Because maintenance is designed to provide a subsistence for the injured seaman while he is unable to provide for himself, it is imperative that it be paid when due. The Supreme Court has recognized the urgency of maintenance being paid when due. Justice Douglas noted in Vaughan that:
The adequate protection of an injured or ill seaman against suffering and want requires more than the assurance that he will receive payments at some time in the immediate future. Payments must be promptly made, at a time contemporaneous to the illness or injury ... A shipowner should therefore not be encouraged to withhold maintenance payments in the hope that economic necessity will force the seaman back to work and thereby reduce the shipowner's liability ... The ultimate goal is the recovery of the seaman, and this requires the avoidance of pressures which would force him to obtain employment which hinders his recovery. (emphasis added)
Id. at 538, 82 S.Ct. at 1003.[2]
Many statutory workers compensation regimes, recognizing that a worker's compensation benefits and medical treatment should be provided when needed, incorporate penalties for an employer's failure to do so. For example, the Louisiana Legislature has provided for penalties in addition to attorney fees for an employer's unreasonable refusal to pay maintenance and medical benefits to a covered worker. La.Rev.Stat. Ann. § 23:1201. This legislation acknowledges the necessity of "discouraging" the unreasonable withholding of workers compensation and medical benefits. Similarly, the threat of punitive damages for the willful and arbitrary refusal to pay maintenance and cure benefits "encourages" shipowners to provide the benefit to which a seaman is entitled by virtue of the employment relationship, and counters the temptation to withhold same in order to force an injured or ill seaman to return to work prematurely. The right to subsistence and medical treatment is of little benefit to a injured or ill seaman without a means to ensure that he receives these benefits when he needs them, not months or even years later.
Neither the Supreme Court decision in Miles nor this court's decision in Bridgett precludes the award of punitive damages for a shipowner's willful refusal to pay maintenance and cure benefits. No authority that is binding on this court holds that such damages are not available. For this reason, and because allowing such a cause of action implements the humanitarian considerations that gave rise to the maintenance and cure obligation, I would reverse the trial court's grant of partial summary judgment.
NOTES
[1] Similarly, the Louisiana Third Circuit has denied punitive damages in maintenance and cure claims in order to be "consistent with the decision in Miles." Gray v. Texaco, Inc., 610 So.2d 1090, 1096 (La.App. 3rd Cir.1992). Because the U.S. Supreme Court had classified an award of attorney fees expended by the seaman in pursuing his maintenance and cure claim against a shipowner who had arbitrarily and willfully refused to pay same as a necessary expense rather than punitive damages, the Third Circuit found that allowing such an award was not inconsistent with Miles. 610 So.2d at 1097.
[2] The Court recognized that a seaman whose condition is aggravated because of the shipowner's dereliction in making maintenance payments could seek damages beyond the maintenance and cure payments due. However, it found that the availability of this remedy did not minimize the importance of avoiding the harmful effects of a premature return to work. Vaughan at 538, n. 7, 82 S.Ct. at 1003, n. 7.