Henry McCOY, Jr.

v.

## CHEVRON USA PRODUCTION, INC. and ABC Insurers and Bonding Company

No. Civ.A. 97–2096.

United States District Court, E.D. Louisiana.

Feb. 3, 1999.

---

Frances Marie Strayham, Frances M. Strayham, Attorney at Law, Mandeville, LA, Keith Lamont Ward, Keith L. Ward, Attorney at Law, Bogalusa, LA, for Henry McCoy, Jr., plaintiff.

Michael Janssens Molony, Jr., Sessions & Fishman, L.L.P., New Orleans, LA, for Chevron USA Production, Inc., defendant.

## ORDER AND REASONS

PORTEOUS, District Judge.

This cause came for hearing on September 16, 1998 upon the motion for summary judgment filed by defendant, Chevron USA Inc., against plaintiff Henry McCoy, Jr. Oral argument was waived and the matter was taken under submission on the briefs. On September 18th, this Court granted defendants' motion for summary judgment on the plaintiff's federal claims and ordered the parties to submit briefs addressing jurisdiction to hear the remaining state law claim.

For the reasons outlined below, the Court exercises its discretion under pendent jurisdiction and dismisses the remaining state law claim of intentional infliction of emotional distress **WITHOUT PREJUDICE.** Having declined jurisdiction on the merits, the Court does not address the Defendants' Motion to Strike and Motion for Summary Judgment on the state law claim, which are rendered **MOOT.**

## I. BACKGROUND

This litigation arose after the plaintiff, Henry McCoy, Jr. ("McCoy") was terminated from his employment by the defendant, Chevron USA Inc. ("Chevron"). Chevron discharged McCoy based on alleged falsification of an overtime report. McCoy filed suit alleging wrongful discharge based on race discrimination, age discrimination, retaliatory discharge, and intentional infliction of emotional distress. The plaintiff asserted both diversity jurisdiction under 28 U.S.C. § 1332 and pendent jurisdiction for any state law claim in the complaint. See Doc. No. 1. Chevron filed a motion for summary judgment challenging plaintiff's diversity jurisdiction and treating the claims as federal questions of law. See Doc. No. 13.

Subsequently, the plaintiff acknowledged that the federal claims were subject to dismissal for the reasons outlined in Chevron's summary judgment memorandum, and opposed only the dismissal of the state law claim. See Doc. No. 15. This Court granted Chevron's motion for summary judgment on the federal claims and deferred ruling on the state law claim until the parties filed additional briefs on jurisdiction of the Court to hear the state law claim.

In the plaintiff's supplemental memorandum on jurisdiction, the plaintiff argued that this Court has subject matter jurisdiction based on both pendent jurisdiction from original federal question jurisdiction and diversity jurisdiction. See Doc. No. 20. Plaintiff attached a statement by G. Randolph Rice, an economist, to establish the jurisdictional amount necessary for diversity.

The defendant argues in its supplemental memoranda that the Court had pendent jurisdiction only. See Doc. Nos. 18, 23. The defendant also filed a Motion to Strike the statements of Rice as unsworn documents failing to meet Rule 56 requirements for supporting evidence in a summary judgment motion. See Doc. No. 23.

## II. LEGAL ANALYSIS

### A. Pendent Jurisdiction

■ A court obtains power to hear a state law claim under pendent or supplemental jurisdiction if 1) the federal issues are substantial, even if subsequently decided adverse to the party claiming the issues; and 2) the state and federal claims derive from a common nucleus of operative fact. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Supreme Court has noted that in "the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

The parties do not dispute that the state and federal claims arise from the same "nucleus of operative fact," i.e., McCoy's

discharge from Chevron for alleged falsification of an overtime report. Further, the court finds that the federal claims of discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and the Equal Pay Amendments to the Fair Labor Standards Act, 29 U.S.C. § 206(d)(1), are sufficient to meet the substantiality requirement of federal question jurisdiction. Thus, the Court has discretion to hear the state law claim under its supplemental jurisdiction if it chooses to do so.

 In exercising its discretion to retain a state law claim, the district court should consider judicial economy, convenience, fairness, federalism, and comity [1]. *See Newport Ltd. v. Sears Roebuck & Co.,* 941 F.2d 302, 307 (5th Cir.1991), *cert. denied,* 502 U.S. 1096, 112 S.Ct. 1175, 117 L.Ed.2d 420 (1992). The general rule in the Fifth Circuit requires dismissal of state law claims once the claims arising under federal jurisdiction are dismissed. *Engstrom v. First National Bank of Eagle Lake,* 47 F.3d 1459, 1465 (5th Cir.1995), *cert. denied,* 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 35 (1995); *Parker & Parsley Petroleum v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir.1992). Exceptions to the general rule only arise under circumstances where significant judicial resources have been expended. *See, e.g., In Re Carter,* 618 F.2d 1093 (5th Cir.1980) (finding trial court abused its discretion when dismissing state law claim after completed jury trials in both state and federal court), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981); *Newport,* 941 F.2d at 307–308 (finding trial court abused its

discretion when it dismissed a state law claim on the eve of trial after four years of extensive pretrial litigation).

 In light of the foregoing principles, the Court finds that the balance of factors weigh in favor of the Court declining to exercise its jurisdiction. The complete dismissal of all federal claims by agreement of the parties leaves the case dominated by the state law claim at issue. Further, the parties have briefed the summary judgment motion within the last several months, but the judicial time investment overall has been minimal, involving mainly scheduling and extensions. Discovery remains open until May of 1999, while the trial is scheduled in June 1999. Dismissal at this stage would scarcely qualify as the eve of trial.

### B. *Diversity Jurisdiction*

Because the Court refuses to exercise its pendent jurisdiction, this Court can only resolve the plaintiff's state law claim if diversity jurisdiction is established. The parties do not dispute that plaintiff and defendants are of diverse state citizenship.[2] The question of diversity turns on the amount in controversy.

The typical scenario challenging subject matter jurisdiction occurs in cases of removal. The parties are either arguing diversity, where the amount in controversy is critical, or federal question where the amount is usually irrelevant. This case presents the unusual question whether the damages alleged for federal question claims in the original complaint can be used to establish the amount in controver-

---

1. Section 1367 echoes these factors by providing that a court may decline to exercise jurisdiction of a state law claim when:
 (1) the claim raises a novel or complex issue of State law,
 (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
 (3) the district court has dismissed all claims over which it has original jurisdiction, or

 (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
 28 U.S.C. § 1367(c).

2. Plaintiff's complaint alleges that Chevron's principal place of business is Louisiana, but subsequent documents submitted by plaintiff list Philadelphia as Chevron's principal place of business.

sy for diversity jurisdiction over a state law claim.

■ The party that seeks to invoke the federal court's subject matter jurisdiction carries the burden of establishing it. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). However, the Fifth Circuit has applied varying levels of proof depending on whether the complaint alleges a specific dollar amount. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir.1995). Generally, a determinate sum claimed by the plaintiff, at the time of the complaint, will establish the amount in controversy for jurisdictional purposes if the claim is made in good faith. *St. Paul Reinsurance,* 134 F.3d at 1253. In those circumstances, the court can only refuse jurisdiction when "it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

■ On the other hand, the legal certainty test is inapplicable where the plaintiff alleges an indeterminate amount of damages. *St. Paul Reinsurance,* 134 F.3d at 1253. The burden then becomes a preponderance of the evidence for the party attempting to invoke the court's jurisdiction. *Id.* In determining the amount in controversy, a district court must first examine whether it is "facially apparent" from the complaint that the claims exceed the requisite jurisdictional amount. *Id.* If the complaint fails the "facially apparent" test, the court can then consider "summary judgment type" evidence to ascertain the amount in controversy. *Id.*

■ The plaintiff invoked diversity jurisdiction in his complaint under 28 U.S.C. § 1332, but stated that the matter in controversy only exceeded the sum of $50,-000.[3] In the complaint's prayer for damages, the plaintiff demanded $1,500,000 in actual damages and $500,000 in punitive damages. At the time of the complaint, the claims for wrongful discharge constituted federal questions of law. The plaintiff subsequently admitted in his response to summary judgment that the federal questions should be dismissed. Thus, for the purposes of evaluating diversity jurisdiction, the Court considers the complaint to regard only the single state claim of intentional infliction of emotional distress alleging indeterminate damages.

■ Under that scenario, the complaint fails to set forth facts to establish a jurisdictional amount in excess of $75,000 for the state law claim of intentional infliction of emotional distress. The statement that the matter exceeds $50,000 does not advance the argument. Jurisdictional facts in the complaint, not conclusory allegations, must establish the requisite amount for diversity purposes. *St. Paul Reinsurance,* 134 F.3d at 1253. The plaintiff alleges in his complaint that "Complainant has suffered severe emotional and mental anguish. These injuries will be proven with specificity and particularity at the trial on the merits." See Doc. No. 1. The complaint fails to set forth jurisdictional facts to substantiate injury justifying damages for intentional infliction of emotional distress. Further, the state claim must exclude the prayer for punitive damages because Louisiana law prohibits punitive damages unless expressly provided by statute. *See Fairley v. Ocean Drilling & Exploration Co.,* 689 So.2d 736, 737 (La.App.4th Cir.1997).

■ The plaintiff has attempted to support diversity jurisdiction with the unsworn statement by G. Randolph Rice. Unsworn statements are inadmissable for summary judgment purposes, but a trial court has great discretion to allow amendment for remedying the defects. *See Gordon v. Watson,* 622 F.2d 120, 123 (5th

---

**3.** Section 1332 was amended in 1996 to require that the controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. The plaintiff filed his complaint on July 3, 1997, after the amendment had taken effect.

Cir.1980). Even if the Court granted leave to amend the statements for submittal in proper form, the document would not set forth facts that establish diversity. Dr. Rice's analysis presupposes wrongful discharge based on the federal claims to determine loss from a reduction in earnings. None of the information estimates damages based on the intentional infliction of emotional distress.

Thus, the Court finds that the complaint fails to set forth jurisdictional facts to satisfy diversity jurisdiction under application of either the "legal certainty" test or the "facially apparent" test. Accordingly,

**IT IS ORDERED THAT** the plaintiff's state law claim be, and is hereby, **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendants' motion to strike and motion for summary judgment on the state law claim are now rendered **MOOT.**